**UNITED STATES of America,
Plaintiff–Appellant,**

**v.**

**Frank PINA, Defendant–Appellee.**

**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Frank PINA, Defendant–Appellant.**

**Nos. 90–2267, 91–2026.**

United States Court of Appeals,
Tenth Circuit.

Sept. 9, 1992.

Paula G. Burnett, Asst. U.S. Atty., D. New Mexico (with William L. Lutz, former U.S. Atty., and Don J. Svet, U.S. Atty., on the briefs), Albuquerque, N.M., for plaintiff/appellant, cross-appellee.

Jill M. Wichlens, Asst. Federal Public Defender (with Michael G. Katz, Federal Public Defender, on the briefs), Denver, Colo., for defendant/appellee, cross-appellant.

Before McKAY, Chief Judge, HOLLOWAY, Circuit Judge, and BELOT, District Judge.[1]

McKAY, Chief Judge.

The United States appeals the district court's decision to dismiss one count of an indictment with prejudice after a jury found defendant Frank Pina guilty of various tax offenses. The claim stems from the court's finding after the jury verdict that its earlier decision to amend the indictment had been prejudicial error. Mr. Pina cross-appeals his conviction for conspiracy to defraud the United States. He argues that evidence presented at trial was insufficient to support the jury's guilty verdict and that the district court erred in refusing to allow recross-examination of a government witness. We affirm.

Frank Pina was indicted in 1989 for tax offenses, and he proceeded to a jury trial on three counts. Two co-defendants were charged in the same indictment. The Brimhalls agreed with the government to testify against Mr. Pina, pleading guilty to one count of conspiracy to defraud the United States. At issue in this appeal are Count VI, aiding and assisting in preparing a false tax return, and Count I, conspiracy to defraud the United States.

Count VI of the indictment refers to a tax return filed by the Brimhalls in 1986 with specific business expense amounts claimed in violation of Internal Revenue laws. The count charges that the tax form in question was "for the calendar year 1984." The particular dollar amounts claimed and the filing date of 1986 suggest that the reference to calendar year 1984 was a typographical error and that the charge should have referred to calendar year 1985. Count V of the indictment charged the same crime for "calendar year 1984" and thus rendered Count VI redundant unless the year in Count VI was changed to 1985.

During the government's opening statement at Mr. Pina's trial, the prosecutor referred to tax offenses charged for both 1984 and 1985. Defense counsel[2] objected and pointed out in a bench conference that because Counts V and VI of the indictment referred to calendar year 1984, Mr. Pina was not charged with a crime related to the co-defendants' 1985 taxes. During the colloquy, the prosecutor agreed not to refer again to the 1985 tax return. At the close of the government's case, however, the prosecutor brought a motion to change Count VI to refer to calendar year 1985, urging that the reference to 1984 was merely a typographical error. The district court ordered the change over the objection of Mr. Pina's counsel that the amendment was improper and deprived the defendant of notice of the charge against him. The defense then rested without presenting evidence, and the jury was instructed on Count VI as amended.

The jury convicted Mr. Pina on Counts I, V, and VI as amended. Defense counsel immediately moved for acquittal on all counts under Fed.R.Crim.P. 29(a). After considering written memoranda from both parties, the district court ruled for Mr. Pina by finding that the earlier decision to amend the indictment had been in error and might have misled Mr. Pina as to the

---

1. Honorable Monti L. Belot, United States District Judge for the District of Kansas, sitting by designation.

2. Mr. Pina appeared pro se and also had standby counsel at trial. The motions, objections and legal arguments relevant to this appeal were all made by counsel.

charges against him. The court then dismissed Count VI with prejudice. The district court found sufficient evidence to support the jury's verdicts and so denied defendant's motion as to Counts I and V. The government now appeals from dismissal of Count VI, and Mr. Pina cross-appeals on Count I.[3]

The government argues that the district court acted properly when it corrected a typographical error in the indictment, that its later decision not to allow the correction was improper, and that the jury verdict of guilty should be reinstated. In the alternative, the government argues that even if dismissal was proper, the district court should not have dismissed Count VI with prejudice. Defendant argues that the change to the indictment was not merely a correction of typographical error but rather was substantive, and that the district court correctly found after the jury verdict that Mr. Pina had been prejudiced by the change made in mid-trial. Defense counsel contends that the court properly ruled that the change had been impermissible error requiring dismissal of Count VI with prejudice.

■ The first issue on appeal is whether the district court's decision not to allow the earlier change to the indictment was proper. This is a question of law which we review de novo. *United States v. Deffenbaugh Indus.*, 957 F.2d 749, 751 (10th Cir. 1992); *United States v. Aguilar*, 756 F.2d 1418, 1420–21 (9th Cir.1985) (de novo review of trial court's effort to cure defective indictment).

This court has distinguished between a district court's amending an indictment as to form, which is permissible, and as to substance, which is an impermissible usurpation of the grand jury's prerogative. *United States v. Cook*, 745 F.2d 1311, 1316 (10th Cir.1984) (citing cases derived from *Ex parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887)), *cert. denied*, 469 U.S. 1220, 105 S.Ct. 1205, 84 L.Ed.2d 347 (1985). We have defined an amendment of form as a change that does not mislead the defendant in any sense, does not subject the

defendant to any added burdens, and does not otherwise prejudice the defendant. *Id.* at 1316.

The district court found here that the reference to 1984 in Count VI of the indictment was a typographical error but that amending the indictment late in the trial had been prejudicial to Mr. Pina. The court reasoned that Mr. Pina was not adequately informed of a charge related to the 1985 taxes and that his defense to that charge might have been prejudiced as a result. The government contends, however, that the conspiracy charge and other parts of the indictment gave Mr. Pina notice that the 1985 tax return was being questioned and that he must have known upon reading the indictment both that the date was in error and what the proper date would have been.

The record in this case reveals that the prosecutor assured defense counsel during the opening statement that Count VI stood as written and that the 1985 tax return was not at issue. The record further shows that at no point did Mr. Pina's counsel question any witnesses specifically about the co-defendants' 1985 tax return. The indictment was amended only after all witnesses had been questioned. We agree with the district court that the record demonstrates possible prejudice to the defendant from amending the indictment late in the trial. We hold, therefore, that the amendment at this point in the trial was of substance rather than form, and thus it was impermissible.

■ The government appeals the district court's dismissal of Count VI with prejudice, arguing that the court should have declared a mistrial as to this count and remanded it for further proceedings. We review the dismissal with prejudice under an abuse of discretion standard. *United States v. Williams*, 899 F.2d 898, 904 (10th Cir.1990), *rev'd on other grounds*, — U.S. ——, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992).

Whether or not the prosecutor was aware of the problem with the indictment

**3.** Defense counsel withdrew the argument re-    garding Count V in the Reply Brief on appeal.

before trial, the bench conference during the government's opening argument brought the issue into clear focus. The government's failure to move for amendment at that time, when amendment would have been merely a formal correction of typographical error, was essentially a waiver of such amendment. The district court presumably considered this waiver in the decision to dismiss Count VI with prejudice. In view of the government's waiver of amendment through failure to make a timely motion, we hold that dismissal of Count VI with prejudice was within the district court's discretion.

■ The defense argues on cross-appeal that the evidence presented at trial was insufficient to support the jury's verdict on Count I, conspiracy to defraud the United States. We must review the evidence in the light most favorable to the prosecution and determine whether *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979) (emphasis in original); *see also United States v. Hooks,* 780 F.2d 1526, 1529 (10th Cir.), *cert. denied,* 475 U.S. 1128, 106 S.Ct. 1657, 90 L.Ed.2d 199 (1986). It is not our task to assess the credibility of the witnesses. *United States v. Waldron,* 568 F.2d 185, 187 (10th Cir.1977), *cert. denied,* 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978).

In prosecuting the conspiracy charge, the government had the burden of proving beyond a reasonable doubt that Mr. Pina and at least one co-conspirator agreed to violate the law. *United States v. Hopkins,* 716 F.2d 739, 748 (10th Cir.1982) ("essence of the crime of conspiracy is an agreement to violate the law"); *United States v. Klein,* 247 F.2d 908, 918–19 (2d Cir.1957), *cert. denied,* 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958) (requiring "some meeting of minds in an unlawful arrangement" for charge of conspiracy to commit tax fraud). This court has held that "mere knowledge or approval of or acquiescence in the object and purpose of a conspiracy ... does not make one a party to a conspir-

acy." *Hopkins,* 716 F.2d at 748. The defense argues that the government failed to show that either of the co-defendants had the requisite intent to break the law, and so a conspiracy theory must fail for lack of sufficient evidence to the extent that it depends on them as co-conspirators. The question on appeal, therefore, is this: Taking the evidence in the light most favorable to the prosecution, could any rational trier of fact find that one or both of the co-defendants agreed with Mr. Pina to violate the law?

Both co-defendants testified for the government and were cross-examined by the defense at trial. Neither admitted directly to having had the requisite intent to conspire with Mr. Pina. However, evidence of their guilty pleas to the conspiracy charge was introduced for impeachment purposes. The record also suggests that one co-defendant was hostile to all questions and on at least one occasion gave potentially contradictory answers to questions by the prosecutor regarding his plea agreement.

After thorough review of the record, this court concludes that a rational trier of fact could have found that the co-defendants were not credible in their pronouncements regarding lack of intent to break the law. We conclude that a rational trier of fact could have considered all of the evidence and decided that at the time the co-defendants agreed to participate in the scheme proposed by Mr. Pina, one or both of the co-defendants knew that the scheme was illegal. We hold, therefore, that the record contains sufficient evidence to support the verdict of guilty on Count I.

■ Finally, the defense argues that the district court erred when it denied defendant the opportunity to recross-examine one co-defendant. The defense claims that this decision violated Mr. Pina's constitutional right to confront a witness against him. The defense argues specifically that there was no opportunity to question this co-defendant on whether she felt that her actions had been criminal. Had counsel been able to pursue this, the defense argues, the co-defendant might have denied

having any intent to commit a crime, and this testimony would have been directly relevant to the conspiracy charge against Mr. Pina. The prosecution contends that the district court acted within its discretion to limit testimony that would have been repetitive. Recross-examination was unnecessary, the government argues, because earlier questioning had adequately explored this co-defendant's intent.

Trial judges have wide latitude with regard to the confrontation clause to impose reasonable limits on testimony that is repetitive. *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986); *United States v. DeSoto,* 950 F.2d 626, 629 (10th Cir.1991). The question before us is, therefore, whether the district court abused this discretion to limit testimony. If we conclude that the district court erred, we may further inquire whether, assuming that the damaging potential of the testimony were fully realized, the error was nevertheless harmless beyond a reasonable doubt. *Van Arsdall,* 475 U.S. at 679, 106 S.Ct. at 1435; *DeSoto,* 950 F.2d at 630.

The trial record here shows that the topic of this co-defendant's guilty plea on the conspiracy charge and her reasons for entering the plea bargain agreement were first raised by the defense on cross-examination. The government pursued these subjects on redirect examination and elicited testimony regarding her intent that potentially contradicted her cross-examination testimony. Because the testimony ended at this point, the jury had before it evidence that was ambiguous on the question of this co-defendant's intent to break the law. The defense argues, in effect, that recross-examination would have resolved the ambiguity and that denial of the opportunity to clarify the testimony rises to the level of constitutional error.

We hold that the district court did not abuse its discretion by limiting testimony regarding this co-defendant's intent to break the law. Defense counsel had an opportunity to question the witness during cross-examination and chose not to ask blunt questions regarding her intent. This tactical decision cannot now be claimed as constitutional error by the court.

Mr. Pina filed a pro se brief alleging ineffective assistance of counsel after this court had considered the merits of this appeal. In order to prevail on this final claim, Mr. Pina must demonstrate that his counsel's conduct led to an actual breakdown of the adversarial process or otherwise rendered the trial unfair and its results unreliable. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984); *Beachum v. Tansy,* 903 F.2d 1321, 1330 (10th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 269, 112 L.Ed.2d 225 (1990).

To the extent that Mr. Pina's brief and motion to set aside challenge his own competence, the matter is frivolous. As to standby counsel, this court has observed the appellate work and is thoroughly familiar with the trial record. We find that Mr. Pina's allegations fail even remotely to approach a legitimate claim and are frivolous as to appellate and standby counsel.

After reviewing the substance of Mr. Pina's brief, we find no merit in his arguments concerning federal tax law and ineffective assistance of counsel. The motion to set aside is therefore denied.

The motion of appellate counsel to withdraw is granted. Mr. Pina is permitted to proceed in forma pauperis. Having considered all documents filed by defendant and by counsel, we deny the motion to set aside, and we affirm the district court decisions.

AFFIRMED.