No. 24064.

THE PEOPLE OF THE STATE OF COLORADO *v.*
DAVID EDWIN CHAPMAN.
(484 P.2d 1234)

Decided May 17, 1971.

FLOYD MARKS, District Attorney, Seventeenth Judicial
District, ROBERT J. BRASWELL, Deputy, STANLEY B. BEND-
ER, Deputy, for plaintiff in error.

HEMMINGER, MCKENDREE, VAMOS & ELLIOTT, GARY P.
HEMMINGER, for defendant in error.

*In Department.*

Opinion by Byron V. Bradford, District Judge.[*]

The parties will be referred to as they were designated in the trial court where the defendant Chapman was charged with and convicted of the theft of trading stamps from the Gold Bond Stamp Company of the value of over $100. The verdict of the jury recited, "We, the Jury, find the Defendant guilty in manner and form as charged in the information filed herein, and we fix the value of the property taken at $325."

Thereafter, the defendant filed a "Motion for Judgment of Acquittal or in the alternative a Motion for a New Trial," which was never ruled on precisely by the court. The trial court modified the verdict of the jury as to the value of the property taken substituting $80 as the value in lieu of the $325 found to be the value by the jury. This had the effect of reducing the offense from a felony to a misdemeanor. The court then sentenced the defendant to a jail term of sixty days and ordered him to pay a fine of $200.

The People challenge the power of the district court to alter the jury's verdict. Other errors asserted are not material to our determination of this cause.

We hold that the jury by its verdict fixed the value of the property taken in the amount of $325, and that the trial court was without authority to amend or alter its finding of value.

In *Gallegos v. People,* 136 Colo. 321, 316 P.2d 884, this court stated that when there is evidence which tends to reduce the grade of the offense . . . the defendant is entitled to an instruction thereon, and:

". . . it is for the jury, under proper instructions, and not the trial judge to weigh and consider the evidence and determine therefrom what grade of crime, if any, was committed."

This reasoning is followed in *Ferrin v. People,* 164 Colo. 130, 433 P.2d 108.

[*]District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

In the instant case there were no instructions tendered, given or refused on any offense other than the offense charged in the information, and the grade therein charged was "of the value of over $100.00." The jury decided the only issues tendered by the instructions.

Rule 29(b), Colorado Rules of Criminal Procedure, provides that when a Motion for Judgment of Acquittal is made at the close of all the evidence and denied, the motion may be renewed after verdict and joined with an alternative Motion for New Trial. The rule continues:

"If a verdict of guilty is returned, the court may, on such motion, set aside the verdict and order a new trial, or enter a judgment of acquittal."

This rule delineates the power and discretion of the court under the circumstances here.

Accordingly, this cause is remanded to the trial court with directions to reinstate the verdict of the jury, and to rule on defendant's pending combined motion.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES, and MITCHEL B. JOHNS, District Judge* concur.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.