No. 26336

The People of the State of Colorado ex rel. Terrance Lee Farina, District Attorney in and for the 21st Judicial District, State of Colorado v. The District Court of the 21st Judicial District and the Honorable James J. Carter, Presiding Judge thereof

(522 P.2d 589)

Decided May 20, 1974.

Terrance Lee Farina, District Attorney, James M. DeRose, Special Prosecutor, for petitioner.

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding was filed by Terrance Lee Farina, District Attorney for the Twenty-First Judicial District, seeking relief in the nature of prohibition. The petition seeks to prevent the district court from holding a preliminary hearing after the defendant, Don Puschman, allegedly waived a preliminary hearing in the county court and was bound over for trial in the district court. We issued a rule to show cause and now make the rule absolute.

The jurisdictional question in this original proceeding centers on whether the defendant waived a preliminary hearing in the county court. *See* C.A.R. 21(a); *People ex rel. Farina v. District Court,* 184 Colo. 406, 521 P.2d 778.

A complaint was filed in the Mesa County court charging the defendant, Don Puschman, with fraud by check. Colo. Sess. Laws 1972, ch. 48, 40-5-205 at 281. Thereafter, the public defender, who was appointed to represent the defendant, filed a request for a preliminary hearing. At the time set for the hearing, the district attorney was prepared to present his case but found that the public defender would not produce the defendant at the preliminary hearing. The public defender advised the court that he was waiving the defendant's presence and stated that he was prepared to proceed with the preliminary hearing. The county court concluded that the defendant's presence was required at the preliminary hearing and held that the defendant would waive his right to a preliminary hearing if he did not appear. Defense counsel persisted in his refusal to produce the defendant. As a result, the defendant was bound over to the district court for trial.

In the district court, the public defender again demanded a preliminary hearing and refused to produce the defendant. The district judge granted the defendant a preliminary hearing and ruled that the defendant was entitled to waive his presence at the hearing if he so desired.

I.

Presence at the Preliminary Hearing

As the district attorney has accurately pointed out, our court has stated in a number of cases that a defendant "must be present . . . at every critical stage of the proceeding in a criminal prosecution." *Penny v. People,* 146 Colo. 95, 360 P.2d 671 (1961); *Holland v. People,* 30 Colo. 94, 69 P. 519 (1902). *See Schott v. People,* 174 Colo. 15, 482 P.2d 101 (1971); *Bell v. People,* 158 Colo. 146, 406 P.2d 681 (1965); *Strong v. People,* 80 Colo. 284, 250 P. 857 (1926). All of the cases which are cited involve the right of a defendant to be present to cooperate with his counsel in his defense and to confront the witnesses who appear against him. *U.S. Const.,* amend. VI; *Colo. Const.,* Art. II, § 16. In this case, we are not dealing with the denial of the defendant's constitutional rights, but with the defendant's refusal to appear at the preliminary hearing.

The Colorado Rules of Criminal Procedure relating to a preliminary hearing (Crim. P. 5 and Crim. P. 7), were intended to create a preliminary screening device. The preliminary hearing affords a defendant an opportunity, at an early stage of the criminal proceedings, to challenge the sufficiency of the prosecution's evidence before an impartial judge. *People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). However, the preliminary hearing is not intended to be a mandatory procedural step in every criminal prosecution. Crim. P. 5(c) and Crim. P. 7(g). If a defendant does not request a preliminary hearing, he is deemed to have waived the preliminary hearing and must be bound over for trial. Crim. P. 5(d). Moreover, a defendant who requests a preliminary hearing and then affirmatively waives the hearing is presumed to have admitted, at the preliminary hearing stage, that probable cause exists to believe that he committed the crime charged. *People ex rel. Farina v. District Court,*

*supra. See Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

When a defendant requests a preliminary hearing, he has not only the constitutional right to be present, but is under an affirmative obligation and duty to appear at the hearing. *See Penny v. People, supra; White v. Maryland,* 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963). When the defendant is present, the court, in its discretion, can determine the procedures which should be followed to insure that justice is done. *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Stovall v. Denno,* 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). *See N. Sobel, Eye-Witness Identification* (1972); Levine and Tapp, *The Psychology of Criminal Identification: The Gap From Wade to Kirby,* 121 Univ. of Pa. L. Rev. 1079 (1973). The court may, when a timely request is made, permit the defendant to waive his presence at the preliminary hearing if the ends of justice would not be frustrated. But the tactical ploy of refusing to produce a defendant at the preliminary hearing to frustrate the prosecution's case should not be tolerated. *See Taylor v. United States,* 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973); Fed. Rules Crim. Proc. 43.

## II.
### Waiver of the County Court Preliminary Hearing

The judge of the county court advised counsel that the failure of the defendant to appear would constitute a waiver. The defendant's subsequent refusal to appear constituted an implied waiver and extinguished the defendant's right to a preliminary hearing in the county court. Moreover, the defendant's refusal to appear, under the facts of this case, operated as an admission that there was sufficient evidence to establish probable cause to believe that he committed the crime charged. *People ex rel. Farina v. District Court, supra; People v. Quinn, supra.* Once a defendant knowingly waives his right to a preliminary hearing in the county court, the right is extinguished and may not be

restored in the subsequent district court proceedings. *People ex rel. Farina v. District Court, supra.*

 Under the facts in this case, the district court did not have the power or authority under the Colorado Rules of Criminal Procedure to grant the defendant a preliminary hearing. Accordingly, the district judge exceeded the district court's jurisdiction in granting the defendant's motion for a preliminary hearing.

The rule to show cause is made absolute.

MR. CHIEF JUSTICE PRINGLE does not participate.