**James Gregory CRANDALL,
Plaintiff-Appellant,**

v.

**MUNICIPAL COURT In and For the CITY OF STERLING, and The Honorable Robert B. Smith, One of the Judges Thereof, Defendants-Appellees.**

**No. 81CA0959.**

Colorado Court of Appeals,
Div. III.

May 20, 1982.

As Modified on Denial of Rehearing
June 10, 1982.

Turner & Clark, P. C., T. Michael Turner, Fort Collins, for plaintiff-appellant.

Janet D. Zimmerman, Sterling, for defendants-appellees.

SMITH, Judge.

Defendant, James Crandall, appeals a judgment of the district court entered in a C.R.C.P. 106(a)(4) proceeding. The judgment concludes that the Municipal Court of Sterling, Colorado, did not exceed its jurisdiction in refusing to grant dismissal under C.M.C.R. 248. We affirm.

Crandall was charged in municipal court with a violation of an ordinance which could have resulted in a penalty of imprisonment. On February 5, 1981, the matter was set for jury trial to commence on March 11, 1981. The trial date was continued at defense counsel's request until April 24.

On that date, Crandall did not appear for trial, but his attorney appeared and requested that the court try Crandall *in absentia*. The court ordered that the matter be reset to May 20th, and that Crandall either appear in person on that date or that his counsel present a written waiver signed by Crandall sufficient to show that he understood his right to be present at trial, and to confront his accusers, and that he was knowingly and intelligently waiving that right.

On May 20th, counsel for Crandall appeared in municipal court without the defendant, and without any written waiver, and moved for dismissal of the charge based on C.M.C.R. 248, which requires that defendant be tried ninety days after arraignment unless the delay is occasioned by his action or request. The court declined to dismiss, and this action was filed in the district court pursuant to C.R.C.P. 106(a)(4) charging that the municipal court had exceeded its jurisdiction because the ninety days had passed under C.M.C.R. 248. The district court concluded that the municipal court had not exceeded its jurisdiction, and therefore, refused to grant relief under C.R.C.P. 106.

The question we are asked to address is whether Crandall caused the delay beyond the ninety-day limit by not appearing at trial or having his attorney present to the court a written waiver of that right. We conclude that the delay is attributable to Crandall and affirm the judgment of the district court.

Under the Sixth Amendment and *Colo. Const. Art.* II, § 16, a criminal defendant has the right to be present at trial and confront the witnesses who appear against him. *Penny v. People,* 146 Colo. 95, 360 P.2d 671 (1961). While a defendant may waive a fundamental constitutional right, the trial court is obligated to make an inquiry as to whether that waiver was intentionally and knowingly made. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937) (right to counsel). The court cannot make that determination in the absence of some communication with the defendant. The mere statement by counsel without, at least, the support of a written affidavit is not sufficient to allow the court to determine whether defendant has waived his right of confrontation. *Cf. People v. Roybal,* Colo., 618 P.2d 1121 (1980).

In *People ex rel. Farina v. District Court,* 185 Colo. 118, 522 P.2d 589 (1974), the court dealt with a similar situation in which defense counsel appeared at a preliminary hearing without the defendant, claiming orally that the latter was waiving his right to appear. As in this case, the court refused to proceed in the absence of the defendant and informed defense counsel that his client's refusal to attend constituted an admission of probable cause for the purpose of binding defendant over for trial. In *Farina,* the Supreme Court characterized the defendant's non-appearance without a waiver as a "tactical ploy"; the effect of which was to frustrate the prosecution's case.

While we do not necessarily adopt this characterization here, we hold that the defendant may not whipsaw the court between its obligation to protect his right of confrontation and his right to a speedy trial. When, as a result of defendant's actions, the court cannot determine whether he has waived his right to be present at trial, it is clear that defendant has delayed proceedings within the meaning of C.M.C.R. 248. Under the rationale advanced in *Farina, supra,* we conclude that defendant's re-

fusal to appear at trial, or to execute a written waiver of his right to appear, constituted a delay occasioned by the action of defendant and functioned as a waiver of his right to speedy trial under the pertinent municipal court rule.

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.