**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Anthony J. ULIBARRI, Defendant-Appellant.**

No. 82CA0276.

Colorado Court of Appeals, Div. III.

July 21, 1983.

Rehearing Denied Aug. 18, 1983.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

H. Paul Cohen, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Anthony J. Ulibarri, appeals his conviction for aggravated robbery of a gas station. Ulibarri first argues that evidence of a similar transaction of criminal activity on his part should not have been admitted at trial. Ulibarri also asserts that his identification by an eyewitness was obtained under suggestive circumstances, and that the district court should have entertained Ulibarri's motion to suppress the identification *in camera*. We affirm.

On March 31, 1981, two men, one Alberto Gonzales and an accomplice robbed a gas station. The following day, Gonzales and Ulibarri attempted to rob the manager of a parking lot. Ulibarri was charged with aggravated robbery of the gas station and one count of having committed a mandatory sentence-violent crime offense. The identity of the accomplice in the gas station was a central issue in the jury trial. In order to prove that Ulibarri was the accomplice in the March 31 robbery, the prosecution introduced the testimony of the parking lot manager who conclusively identified Ulibarri as an accomplice in the April 1 robbery. The gas station attendant also made an in-court identification of Ulibarri.

### I.

■ Ulibarri's first contention is that evidence identifying him as Gonzales' accomplice in the attempted robbery of the parking lot manager was erroneously admitted as evidence of a similar transaction. We disagree. Evidence of similar transactions is an appropriate method of proving identity where there is sufficient commonality of one or more distinctive aspects of the conduct such that a juror could reasonably infer that the same person committed both acts. *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979); *People v. Casper*, 631 P.2d 1134 (Colo.App.1981).

■ The trial court has substantial discretion in determining the relevancy of the evidence of similar transactions and in weighing the probative value of the evidence against any possible prejudice. *People v. Ihme*, 187 Colo. 48, 528 P.2d 380 (1974); *People v. Crespin*, 631 P.2d 1144 (Colo.App.1981).

Here, we find sufficient similarity to admit the evidence for the limited purpose of showing the identity of Gonzales' accomplice in the gas station robbery. The same car was used in each crime, the same gun was used, the crimes took place on successive days, and within a few miles of each other. In each crime Gonzales was one of the perpetrators and he wore distinctive sunglasses on each occasion. Since Ulibarri was identified as an accomplice in the similar transaction, under the above circumstances a juror could reasonably infer that the man who accompanied Gonzales on April 1 was the same one who helped rob the gas station the day before.

### II.

■ The next contention is that the gas station attendant's identification of Ulibarri was improperly suggested by the circumstances surrounding a photographic identification and the identification of the defendant at the preliminary hearing. The defendant argues that the district court should have considered the admissibility of the identification testimony *in camera*. The trial court ruled that the defendant had waived his right to a hearing on the suppression issue, and we agree.

The register of actions shows that the defendant filed a motion to suppress eyewitness identification testimony on June 17, 1981, and that a hearing on this motion was to be held on June 26. Although the defendant appeared at this hearing, he left the courtroom before the suppression hearing concluded. Subsequently, bond forfeiture proceedings resulted in discharge of the surety, and the defendant was returned for trial.

■ A defendant's failure or refusal to appear at a preliminary hearing constitutes an implied waiver which extinguishes his constitutional right to a preliminary hear-

ing.  *People v. Abbott,* 638 P.2d 781 (Colo. 1981); *People v. Moody,* 630 P.2d 74 (Colo. 1981); *People ex rel. Farina v. District Court,* 185 Colo. 118, 522 P.2d 589 (1974). In determining whether there has been an implied waiver of a suppression hearing on the issue of identification, we conclude that the same reasoning applies.  Where, as here, the defendant's motion to suppress is set for hearing at which the defendant and his counsel appear, but from which the defendant voluntarily departs prior to its conclusion, there is an implied waiver of the identification issues raised in the motion to suppress.  Under these circumstances, the trial court may properly decline to hold a suppression hearing on a later renewed motion by the defendant.

Ulibarri's other arguments are without merit.

Judgment affirmed.

BERMAN and TURSI, JJ., concur.