The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Craig Tony SCOTT, Defendant–Appellant.

No. 98CA1958.

Colorado Court of Appeals,
Div. I.

March 2, 2000.

Rehearing Denied April 6, 2000.

Certiorari Denied Oct. 10, 2000.

Ken Salazar, Attorney General, Peter J. Cannici, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

David F. Vela, Colorado State Public Defender, Lisa Dixon, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by Judge METZGER.

Defendant, Craig Tony Scott, appeals the judgment of conviction entered upon jury verdicts finding him guilty of two counts of third degree assault. We affirm.

Defendant was charged with having physically assaulted his common law wife twice in the same evening. The first assault took place inside an apartment. The second occurred outside the apartment building and was witnessed by a boy who was waiting in defendant's car. The boy testified he saw defendant punch and kick the victim.

At trial, defendant's theory of defense was that the victim's injuries were caused by a woman who had assaulted her inside the apartment.

## I.

Defendant first argues that, because the trial court granted his motion for judgment of acquittal and dismissed one charge of second degree assault, it was without authority to allow the jury to consider third degree assault as a lesser-included offense of the dismissed charge. Under the unique circumstances of this case, we disagree.

Crim. P. 29(a) provides, in pertinent part: "The court on motion of a defendant ... shall order the entry of a judgment of acquittal of one or more offenses charged in the ... information ... after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of such offense or offenses."

A trial court's ruling granting a defendant's motion for judgment of acquittal at the close of the prosecution's evidence is not a final order unless and until the court terminates the trial by dismissing the jury. Before that time, the trial court retains authority to reconsider its ruling. *People v. District Court,* 663 P.2d 616 (Colo.1983); *People v. Ganatta,* 638 P.2d 268 (Colo.1981).

Here, defendant was charged with two counts of second degree assault: (1) unlawfully inflicting serious bodily injury, with intent to commit bodily injury, during the assault within the apartment in violation of § 18–3–203(1)(g), C.R.S.1999; and (2) unlawfully inflicting bodily injury by means of a deadly weapon, a shod foot, during the assault outside of the apartment building in violation of § 18–3–203(1)(b), C.R.S.1999.

At the close of the People's case, defendant moved for judgment of acquittal on the first count of second degree assault. He argued the prosecution had failed to present sufficient evidence to prove that the victim had suffered "serious" bodily injury. Specifically, defendant argued, the prosecution had not proved that the victim's bloodied nose was actually broken.

The prosecutor responded that the evidence and its inferences were sufficient to justify denial of defendant's motion. In the alternative, he argued, if the court were to dismiss that count and its accompanying crime of violence count, the lesser-included third degree assault charge should be substituted.

The court ruled: "The Court dismisses count[s] 1 and 2. Count[s] 3 and 4 remain. Count 1 is reduced actually to third degree assault ... if [the prosecutor] request[s] it." The prosecutor said he did request it, and the court determined that the evidence was

sufficient to support that request. Defense counsel made no comment or objection.

During the jury instructions conference, defense counsel objected to submission of an instruction on the third degree assault charge. She argued that the court lacked authority to submit the lesser-included offense to the jury once it had dismissed the greater offense. The trial court ruled that such an instruction was proper, explaining that its initial dismissal ruling was merely an "inartful" explanation of its intent to merely reduce the charge.

The jury found defendant guilty of that third degree assault charge and also found him guilty of a second count of third degree assault as a lesser-included offense of the remaining second degree assault charge.

## A.

■ Initially, we address and reject defendant's argument that the trial court's dismissal of the second degree assault charge was a final and irreversible order. Because the jury had not yet been dismissed, the trial court had authority to amend its order. *People v. District Court, supra; People v. Ganatta, supra.*

## B.

■ Defendant next asserts that, even if the trial court had authority to amend its order, its amended order was contrary to the rule set out in *People v. Chapman,* 174 Colo. 545, 484 P.2d 1234 (1971). In that case, a theft prosecution, the trial court had denied defendant's post-trial motion for judgment of acquittal, modified the jury's verdict, and entered judgment on a lesser-included offense. This ruling was based on its finding that the value of the stolen property was less than the jury had determined it to be. Explaining that the trial court lacked authority to modify a jury's verdict in this manner, the supreme court reversed and remanded the cause with directions to reinstate the verdict and to rule properly on defendant's motion for judgment of acquittal.

In our view, the holding of *Chapman* is a narrow one preventing post-trial modification of a jury's factual findings. That decision is inapposite to the present question: whether a trial court granting a mid-trial motion for judgment of acquittal may allow the jury to consider a lesser-included offense for which there is sufficient proof.

Far more relevant to our inquiry is *People v. Patterson,* 187 Colo. 431, 532 P.2d 342 (1975). In *Patterson,* the trial court had denied the defendant's motion for judgment of acquittal on a charge of selling narcotic drugs with the intent to induce or aid the purchaser to unlawfully use or possess narcotic drugs. On appeal, the supreme court concluded that the trial court's ruling was erroneous and that the charge should not have been submitted to the jury. However, the supreme court held, there was sufficient proof of the lesser-included offense of unlawful sale of narcotic drugs, and it remanded the cause with directions to enter judgment on that charge.

Under *Patterson,* a trial court's erroneous denial of a motion for judgment of acquittal was corrected by entry of judgment on a lesser-included offense for which there was sufficient proof. By the same reasoning, if a trial court determines that the evidence is insufficient to support a greater offense and grants a defendant's mid-trial motion for judgment of acquittal, it must have authority to submit to the jury a lesser-included offense for which there is sufficient proof. If this were not the case, then the remedy crafted by the supreme court in *Patterson* would not have been available.

■ When the prosecution seeks a lesser-included offense instruction over the defendant's objection, the prosecution is entitled to such an instruction if the lesser-included offense is: (1) easily ascertainable from the charging instrument and (2) not so remote in degree from the offense charged that the prosecution's request appears to be an attempt to salvage a conviction from a case which has proved to be weak. *People v. Cooke,* 186 Colo. 44, 525 P.2d 426 (1974).

■ Since third degree assault involving knowing or reckless infliction of simple bodily injury is a lesser-included offense of second degree assault committed with intent to cause bodily injury and resulting in serious bodily injury, the lesser-included offense of

third degree assault was readily ascertainable from the information. *People v. Brown,* 677 P.2d 406 (Colo.App.1983); *cf. People v. Garcia,* 940 P.2d 357 (Colo.1997). Indeed, defendant does not allege that he was surprised or otherwise prejudiced in his ability to defend against the lesser-included offense.

With respect to the second part of the *Cooke* test, we note that the prosecutor's request for an instruction on the lesser-included offense of third degree assault clearly was an attempt to "salvage" a conviction for the assault inside the apartment. However, the insufficient evidence of serious bodily injury was the only shortcoming in the prosecution's proof, and the lesser-included offense submitted to the jury was not that remote in degree from the charged offense. *See* § 18–3–203(g)(2)(second degree assault is a class four felony which can be reduced to a class six felony if committed under heat of passion); § 18–3–204 (third degree assault is a class one misdemeanor). Therefore, we perceive no error in the trial court's decision to submit the lesser-included offense of third degree assault to the jury.

## II.

■ Defendant next contends the trial court abused its discretion by denying his motion for mistrial. Again, we disagree.

■ A mistrial is a drastic remedy that is warranted only when the prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. *People v. Salazar,* 920 P.2d 893 (Colo.App. 1996). Absent an abuse of discretion, a trial court's denial of a motion for mistrial will not be disturbed on appeal. *People v. Lee,* 914 P.2d 441 (Colo.App.1995).

Here, the boy who witnessed the second assault testified that, after that assault, he and the victim were together in the car when defendant drove them to another location. The prosecutor then asked the boy: "Once [defendant] got out of the car, what happened?" The boy replied: "Well, [the victim] said, 'I'm tired of him doing this.'"

Defendant moved for mistrial, arguing that the boy's testimony relating the victim's remark constituted evidence of prior assaults by defendant which violated the trial court's in limine ruling excluding such evidence.

Finding that the prosecutor had not deliberately elicited the remark, the trial court denied defendant's motion. Although the trial court offered to admonish the jury to disregard the testimony, defendant declined such an instruction.

Based on our review of the record, we find no abuse of discretion. The statement was ambiguous, did not explicitly refer to any prior assault by defendant, and could well have referred to the alleged assault inside the apartment. Furthermore, the record supports the trial court's finding that the testimony was adduced inadvertently.

The judgment is affirmed.

Judge RULAND and Judge NIETO concur.