The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Bryon C. KERBER, Defendant–Appellant.

No. 01CA1173.

Colorado Court of Appeals, Div. V.

Nov. 21, 2002.

Certiorari Denied March 10, 2003. *

---

* Justice BENDER would grant as to the following issue:

    Whether the trial court committed plain error in allowing the prosecutor to make a closing argument that characterized the petitioner as a liar and expressed a personal belief about the credibility of certain witnesses.

Ken Salazar, Attorney General, Lauren Edelstein–Park, Assistant Attorney General, Monica M. Marquez, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Laura L. Magner, Crested Butte, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Bryon C. Kerber, appeals the judgment of conviction entered on a jury verdict finding him guilty of criminal mischief and third degree assault. We affirm.

According to the prosecution's evidence at trial, defendant and his friends stopped at a restaurant in Colorado Springs. After being told there would be a lengthy wait, the group went outside to the parking lot. The manager testified that they appeared to be intoxicated.

The victims drove into the parking lot and exchanged insults with defendant's group. One member of defendant's group chased and then kicked the victims' car. When the car stopped, another group member approached the passenger side window and was struck with an object from inside the car.

Defendant apparently came to the aid of his friend, wrestled the object away from the passenger in the victims' car, and punched the passenger in the head. On the other side of the car, two members of defendant's group assaulted the driver. One of them jumped onto the hood of the car and kicked the driver in the head.

The jury found defendant guilty of third degree assault for striking the passenger and criminal mischief for damage to the vehicle.

## I.

Defendant first contends the trial court abused its discretion by denying him the right to conduct recross-examination of a prosecution witness. We disagree.

The Confrontation Clause of the United States Constitution guarantees the right of a criminal defendant to cross-examine witnesses testifying for the prosecution. U.S. Const. amend. VI; *People v. Gholston,* 26 P.3d 1 (Colo.App.2000). Hence, it is error to limit excessively a defendant's cross-examination regarding the witness's credibility, especially cross-examination concerning the witness's bias, prejudice, or motive for testifying. *Merritt v. People,* 842 P.2d 162 (Colo. 1992).

Nevertheless, the right of cross-examination is not absolute, and trial courts "have wide latitude with regard to the confrontation clause to impose reasonable limits on testimony that is repetitive." *United States v. Pina,* 974 F.2d 1241, 1245 (10th Cir.1992); *People v. Huehn,* 53 P.3d 733 (Colo.App.2002); *see* CRE 611. A trial court's ruling limiting the scope of cross-examination will not be disturbed on review absent an abuse of discretion. *Vega v. People,* 893 P.2d 107 (Colo.1995).

An abuse of discretion occurs when the court's decision is manifestly arbitrary, unreasonable, or unfair. *People v. Mandez,* 997 P.2d 1254 (Colo.App.1999).

Once a party has had an opportunity substantially to exercise the right of cross-examination, the extent of further interrogation is within the sound discretion of the trial

court. Courts have discretion to limit re-cross-examination when no new matters have been raised on redirect or additional testimony would be only marginally relevant. *See People v. Vialpando,* 804 P.2d 219, 223 (Colo. App.1990)("No new issues were raised during redirect-examination. Accordingly, the trial court was not required to grant the defense an opportunity to recross-examine the witness."); *People v. Montgomery,* 743 P.2d 439 (Colo.App.1987)(trial court did not abuse its discretion in refusing recross-examination where testimony was of little relevancy and would cause undue waste of time).

Here, the trial court's stated reason for denying defendant's request to recross-examine the witness was the late hour. This basis was insufficient for denying defendant's request, especially where the witness was a victim and could have been ordered to return the following day. However, the record reflects that defense counsel had conducted a lengthy cross-examination of the witness and that no new material information was brought out on redirect.

Therefore, we conclude the trial court's ruling, while based on an erroneous ground, does not require reversal. *See People v. Quintana,* 882 P.2d 1366 (Colo.1994)(reviewing court may affirm trial court on any ground supported by the record); *see also People v. Vialpando, supra.*

## II.

█ Defendant next contends the trial court erred in denying his motion for a mistrial after a prosecution witness testified that he (the witness) had taken and failed a lie detector test. Defendant maintains that the credibility of this witness, who was a member of defendant's group during the altercation, was damaged by the testimony about the lie detector test and that this prejudiced defendant because the witness had substantially corroborated defendant's version of events. We agree that evidence of the lie detector test was inadmissible, but disagree that reversal is warranted.

█ A mistrial is a drastic remedy and is warranted only when prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. *People v. Evans,* 886 P.2d 288 (Colo.App. 1994). Absent an abuse of discretion, we will not disturb on review a trial court's decision to grant or deny a motion for a mistrial. *People v. Scott,* 10 P.3d 686 (Colo.App.2000).

█ Lie detector or polygraph evidence is per se inadmissible in a criminal trial. *People v. Dunlap,* 975 P.2d 723 (Colo. 1999). However, the mere reference to such testing does not require a mistrial. *United States v. Blaze,* 143 F.3d 585 (10th Cir.1998); *People v. Preciado–Flores,* 66 P.3d 155 (Colo.App.2002)(trial court did not abuse its discretion in denying mistrial where jury was inadvertently informed defendant had taken a lie detector test, but was not told result of the test).

A Michigan court has identified several factors that should be considered in determining whether reversal is required: (1) whether the defendant objected or sought a cautionary instruction; (2) whether the reference was inadvertent; (3) whether there were repeated references; (4) whether the reference was an attempt to bolster a witness's credibility; and (5) whether the results of the test were admitted rather than only the fact that a test was conducted. *See People v. Nash,* 244 Mich.App. 93, 625 N.W.2d 87 (2000). While these factors are not exclusive and not all are relevant in every case, we view them as useful guidance in resolving the issue before us.

As pertinent here, the following testimony was given by the prosecution witness on direct examination:

PROSECUTOR: Would it be fair to say that you're upset about being charged in this case?

WITNESS: Yes, I'm very upset. *Especially getting a lie detector test that I can't pass.* That you—I can't—it upsets me. Been trying for five days.

DEFENSE COUNSEL: Judge, I'm going to object. Move for mistrial.

COURT: The jury is instructed to disregard any testimony about any lie detector test.

(Emphasis added.)

Defendant objected to the testimony that disclosed the results of the test to the jury,

and the court immediately gave a cautionary instruction. The witness appears to have given an inadvertent and unsolicited answer to a properly asked question by the prosecution. Further, after the witness blurted out that he had failed the lie detector test, the prosecutor made no other references to the testing.

Normally, another relevant factor would be whether the reference to the lie detector test bolstered the testimony of the witness and enhanced the witness's credibility. For example, if the witness disclosed that he or she had passed a lie detector test, it would confer an unfair advantage on the party calling that witness. Here, however, although this particular witness was called to testify by the prosecution, he was part of defendant's group and both sides relied on his testimony in part. Further, there was no testimony regarding the reason this witness was given a lie detector test.

Thus, we conclude the inadvertent disclosure that the witness had failed a lie detector test could have damaged the prosecution's case insofar as its witness's credibility was harmed, and also have impaired the defense insofar as the witness corroborated defendant's version of the events.

After applying the factors suggested in *People v. Nash, supra,* and considering all the circumstances before the trial court, we conclude that its ruling denying the motion for mistrial based on the reference to the lie detector test was not manifestly arbitrary, unreasonable, or unfair. *See People v. Mandez, supra.* Hence, the ruling did not constitute an abuse of discretion by the trial court.

### III.

■ Defendant next contends several statements made by the prosecutor during closing argument deprived him of a fair trial. He maintains that reversal is required because the prosecutor repeatedly characterized him as a liar and expressed a personal belief in the credibility of certain witnesses. We disagree.

■ Because defendant made no contemporaneous objections to the statements he now complains were prejudicial, his conten-

tion must be considered using a plain error standard of review. *See* Crim. P. 52(b). Under that standard, reversal is required only if after reviewing the record, we may say with fair assurance that the prosecutorial misconduct so undermined the basic fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415 (Colo.1987).

■ In closing argument, counsel is entitled to argue all reasonable inferences from the facts in evidence, *People v. Constant,* 645 P.2d 843 (Colo.1982), and may comment on how well and in what manner a witness *measures* up to the tests of credibility set forth in the instructions. *People v. Herr,* 868 P.2d 1121 (Colo.App.1993). Counsel also may point to circumstances casting doubt on a witness's testimony and may draw reasonable inferences from the evidence regarding the credibility of a witness or witnesses. *People v. Constant, supra.*

■ While it is improper for counsel to express a personal belief in the truth or falsity of testimony during closing argument, *Wilson v. People, supra,* a prosecutor's comments must be flagrant or glaringly improper to constitute plain error. *People v. Williams,* 996 P.2d 237, 244 (Colo.App.1999).

■ Further, claims of improper argument must be evaluated in the context of the argument as a whole and in light of the evidence before the jury. *People v. Williams, supra. See Clayton v. State,* 765 A.2d 940, 942–43 (Del.2001)(while prosecutors may not express their personal opinions or beliefs about the truth of testimony, they may refer to statements or testimony as a "lie" only (1) if one may legitimately infer from the evidence that the statement is a lie, and (2) if the prosecutor relates the argument to specific evidence that tends to show the testimony or statement is a lie); *see also United States v. Hernandez–Muniz,* 170 F.3d 1007, 1012 (10th Cir.1999)("We have characterized as 'unnecessary' and 'unwarranted' a prosecutor's closing argument in which he called the defendant a 'liar' and told the jury that defendant had not told the complete truth. We have not, however, established that referring to testimony as a lie

constitutes per se prosecutorial misconduct.")
(citations omitted).

In *Wilson v. People, supra,* the supreme
court observed that a prosecutor's assertion
of personal opinion concerning the credibility
of witnesses poses two distinct dangers:

> [S]uch comments can convey the impression that evidence not present to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*Wilson v. People, supra,* 743 P.2d at 418–19
(*citing United States v. Young,* 470 U.S. 1,
18–19, 105 S.Ct. 1038, 1048, 84 L.Ed.2d 1, 14
(1985)).

Here, the prosecutor began his closing argument by stating:

> [I]t is the People's contention that you need to make initially a simple decision. Was [defendant] telling you the truth? Because if he was, if his story is true, we will concede. He is not guilty.

> On the other hand, if his story is not true, by his own admission, he is guilty.

The prosecutor then made the following
statements, the highlighted portions of which
defendant contends constituted prosecutorial
misconduct:

> [T]his is what [defendant] tells the police *after he lies about his name,* "a black Ford Mustang comes up, a guy with nun-chucks comes out and he starts swinging. I get him away from him and throw them right there, Officer." *Of course, they're never found.*

> . . . .

> What did [another witness] tell us? Admittedly the people would say that she was trying to cover for [defendant], as was [still another witness], but even she said they were all involved with the vehicle. They are all involved with the vehicle, then *he is not telling you the truth. He is minimizing his role.*

> . . . .

> It does not make sense. It is not supported by independent witnesses. *It is not the truth. As it is not the truth, he is guilty of getting angry and is drunk.*

> . . . .

> And there's not time, according to these two [stories by the defendant's friend and defendant], for them to do it *which means [defendant is] not telling you the truth.*

> . . . .

> I do not care about the self-defense argument towards [one of the victims]. [Defendant] has it. *If his story is true, he is not guilty. If he is not telling the truth, he is guilty of all counts.*

> . . . .

> [T]he victims told you different stories, and the defendants have told you different stories or the other people that were charged. How do you sort through it? How do you decide which one of these people is telling you the truth? The first one I would like to make about that is that *I think it's hard or a reasonable jury would have a hard time finding the [defendant's witnesses] to be truthful.* [The defendant's friend] *also has some credibility issues but [defendant] is sticking with their story . . . . I am saying that [defendant's witnesses, defendant, and the friend whom he claims he was defending] are not telling you the truth.* What little things in their stories validate the stories given by the three victims. [One of defendant's witnesses] says yeah, he went over there. He got knocked out. This guy is standing on his head. He is kicking him left and right. I did the only thing I could. I ran up on the hood and kicked someone in the face, he fell down. *That is a boldface [sic] lie.*

(Emphasis added.)

The defense maintained at trial that defendant should be acquitted of the third degree assault charge because he was acting in defense of his friend. As to the damage to the victims' vehicle, defendant testified and denied he had caused such damage. However, he admitted hitting the passenger in the head as hard as he could, and two prosecution witnesses testified that all the members

of defendant's group participated in damaging the victims' vehicle.

Because the testimony of the sixteen witnesses was contradictory and in some respects irreconcilable, it was proper for the prosecutor to highlight for the jury inconsistencies in the statements of defense witnesses. Nor do we view it improper for the prosecutor also to argue that the testimony of the People's witnesses was irreconcilable with that of defendant and, therefore, that one side was not telling the truth. Neither of the dangers connected with a prosecutor's assertion of personal opinion identified in *Wilson v. People, supra,* is implicated here.

We therefore conclude these statements by the prosecutor, viewed within the context of the argument as a whole, do not constitute plain error.

Judgment affirmed.

Judge TAUBMAN and Judge WEBB concur.