The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Terry S. DASHNER, Defendant–
Appellant.

No. 00CA1958.

Colorado Court of Appeals,
Div. IV.

Feb. 27, 2003.

Rehearing Denied April 24, 2003.

Certiorari Denied Sept. 22, 2003.*

* Justice KOURLIS and Justice RICE would grant as to the following issues:

Whether the court of appeals erred when it concluded that a trial court may not deem a motion to suppress evidence abandoned or waived when a criminal defendant chooses not to appear for the hearing.

Whether the court of appeals erred when it concluded that the trial court should have considered defendant's suppression motion *in absentia* when he declined to appear for the hearing.

Ken Salazar, Attorney General, John T. Bryan, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Kathy Goudy, Carbondale, Colorado, for Defendant–Appellant.

Opinion by Judge KAPELKE.

Defendant, Terry S. Dashner, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of aggravated robbery and three counts of menacing with a deadly weapon. We remand for a hearing on defendant's motions to suppress.

According to the prosecution's evidence, in July 1999, defendant entered an insurance agency office and robbed the occupants at gunpoint. At the time, defendant was wearing black clothing, gloves, and a bandana, which covered his face. Several bystanders alerted a nearby police officer of defendant's suspicious appearance and indicated that he was inside the insurance office. The officer arrived as defendant was leaving the office. Following a brief chase, during which defendant discarded the bandana, as well as a cocked and loaded gun, the officer arrested defendant. The police discovered in defendant's pocket the cash and check he had taken from the office.

At trial, defendant testified that on the morning of the incident he had consumed some tea, which so impaired his mental capacity that he was unable to remember the robbery or anything else that occurred that day prior to his arrest.

## I. Juror Challenges

Defendant first contends that the trial court erred in denying his request to excuse two jurors for cause. We disagree.

The trial court must sustain a challenge for cause to a prospective juror who has a state of mind evincing enmity or bias toward the defendant. However, no potential juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused if the court is satisfied, from examination of the juror, that he or she will render an impartial verdict according to the law and the evidence submitted to the jury at the trial. Section 16–10–103(1)(j), C.R.S.2002.

We review a trial court's ruling on a challenge for cause to a prospective juror under an abuse of discretion standard. *Carrillo v. People*, 974 P.2d 478 (Colo.1999). Because the trial court is in the best position to view the demeanor of a juror claiming impartiality, we will overturn its determination on appeal only if the record affirmatively demonstrates that the court abused its discretion. *People v. Christopher*, 896 P.2d 876 (Colo. 1995).

In ascertaining whether the trial court abused its discretion in ruling on a challenge for cause, we must review the entire voir dire of the prospective juror. Also, a reviewing court generally should not second-guess the trial court's determinations in this regard based on a cold record. *Carrillo v. People, supra.* The deference accorded the trial court's rulings extends to its evaluation of inconsistent or self-contradictory statement of prospective jurors. *Morrison v. People*, 19 P.3d 668 (Colo.2000).

### A.

Defendant argues that one of the potential jurors should have been excluded for cause because his son's house had recently been broken into and the potential juror was uncertain as to the effect of that incident on his ability to be impartial in this case. We disagree.

The juror initially expressed his uncertainty during questioning by the court and de-

fense counsel. After defendant requested that the prospective juror be excluded for cause, the court posed additional questions:

[THE COURT]: ... the question that we need to answer here and I realize that you don't know how you're going to react in this situation but can you, in spite of your prior incident that you had, will you base your decision in this case on the evidence you hear in this matter?

[PROSPECTIVE JUROR]: That's what I say I would want to do.

[THE COURT]: Do you think you can do that?

[PROSPECTIVE JUROR]: It may be that I should be able to do that. I would say that but ...

[THE COURT]: Would you agree to follow my instructions on the law?

[PROSPECTIVE JUROR]: I would try sir. I know exactly what we're doing here.

[THE COURT]: If you felt that the evidence did not establish this defendant's guilt of these charges beyond a reasonable doubt, would you be able to return verdicts of not guilty in spite of what happened to you and your family?

[PROSPECTIVE JUROR]: If there was not enough evidence, yes.

The court denied the challenge for cause, and defendant used one of his peremptory challenges to exclude the juror.

The trial court determined that the juror would be willing and able to follow the court's instructions and decide the case based on the evidence presented at trial. The juror's answers to the court sufficiently support the determination, and the record does not affirmatively demonstrate that the court's ruling was an abuse of discretion. We therefore find no basis for reversal.

### B.

■ Defendant next argues that a juror should have been removed for cause because she had relatives in law enforcement and, as a former forensic psychologist, had had contact with the criminal justice system. We reject the contention.

Although the prospective juror expressed some doubt whether she could set aside her sympathy for law enforcement, her statements in voir dire indicated that she could serve as a fair and impartial juror. We thus find no error.

### II. Suppression Motions

■ Defendant next contends that the trial court erred in ruling that his failure to appear at the suppression hearing resulted in an abandonment of his pretrial suppression motions. We agree and conclude that a remand is necessary.

Defendant filed two pretrial motions to suppress. The first sought suppression of all evidence or statements stemming from the officer's stop, questioning, search, and arrest of defendant. Defendant argued that because the police officer lacked reasonable suspicion to detain him and probable cause to arrest him, his rights under the Fourth Amendment of the United States Constitution and article II, § 7 of the Colorado Constitution were violated. He also argued that his statements made to law enforcement officers were unconstitutionally obtained as a result of custodial interrogation before he was advised pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Defendant's second motion sought suppression of any identification of him at trial by prosecution witnesses. He argued that the one-on-one showups were unduly suggestive and violated his due process rights under the Fourteenth Amendment and article II, § 25 of the Colorado Constitution.

Defendant failed to appear at the suppression hearing, and the court vacated the hearing. At a later hearing, defendant's attorney advised the court that defendant had forgotten about the suppression hearing. Thereafter, defendant's mother testified that defendant had been with friends on the day of the suppression hearing and that she did not know why he had not appeared. The trial court ruled that defendant's motion to suppress had been abandoned as a result of his failure to appear, which the court described as "basically unexplained."

The People rely, as did the trial court, on *People v. Ulibarri*, 671 P.2d 1325 (Colo.App. 1983), in which a division of this court held that by voluntarily leaving a suppression hearing before it was concluded, the defendant impliedly waived the issues raised in the motion to suppress. That case is factually distinguishable from the situation here. While the defendant in *Ulibarri* intentionally left the courtroom during the hearing, the record here does not demonstrate that defendant's absence was deliberate.

Courts in other jurisdictions have held that even where a defendant unjustifiably fails to appear at a suppression hearing, he or she does not thereby abandon the right to object to the admission of evidence unconstitutionally obtained. *State v. Canty*, 278 N.J.Super. 80, 650 A.2d 391 (App.Div.1994)(where defendant escapes during pendency of motion to suppress, court should either postpone hearing or proceed in absentia). Further, while a defendant's failure to appear at a suppression hearing may result in a waiver of the right to be present at the hearing, the defendant's absence does not empower the trial court to refuse to hold a hearing on the motion or address the issues on the merits. *People v. Logan*, 271 A.D.2d 549, 708 N.Y.S.2d 411 (2000); *People v. Whitehead*, 143 A.D.2d 1066, 533 N.Y.S.2d 753 (1988); *State v. Fox*, 165 Or.App. 289, 995 P.2d 1193 (2000); *State v. Desirey*, 99 Or.App. 283, 782 P.2d 429 (1989). We agree with that analysis and those holdings.

As the court pointed out in *State v. Canty*, *supra*, 650 A.2d at 393, "A motion to suppress resolves questions pertaining to the admissibility of evidence. Even where the defendant unjustifiably fails to appear and the trial proceeds without him, the rules of evidence and constitutional protections are not thereby suspended."

To the extent that *People v. Ulibarri*, *supra*, can be read to hold that a defendant's failure to attend a suppression hearing automatically triggers an abandonment of the right to seek exclusion of or object to the challenged evidence, we decline to follow it.

In addition to *People v. Ulibarri*, *supra*, the People rely on *People v. Abbott*, 638 P.2d 781 (Colo.1981), and *People ex rel. Farina v.* *District Court*, 185 Colo. 118, 522 P.2d 589 (1974), which hold that a defendant implicitly waives a preliminary hearing by failing to appear after having received notice of the hearing.

However, as Justice Blackmun stressed in his dissenting opinion in *Gannett Co. v. De-Pasquale*, 443 U.S. 368, 437, 99 S.Ct. 2898, 2935, 61 L.Ed.2d 608 (1979), a case involving the right to public trial, preliminary hearings "are not critical to the criminal justice system in the way the suppression-of-evidence hearing is and they are not close equivalents of the trial itself in form."

Further, there is no indication in the record that any testimony by defendant was critical to the presentation or resolution of the motions to suppress. Under these circumstances, had the court determined that defendant had waived the right to be present, the court could have heard and decided the motions on the merits despite defendant's absence.

Because we conclude that the trial court erred in holding, on this record, that defendant had abandoned the motions to suppress, we conclude that a remand is required for a hearing on the motions. *See State v. Fox*, *supra*, 995 P.2d at 1196. If the trial court denies the motions, the judgment shall stand affirmed. If either motion is granted, defendant shall receive a new trial.

### III. Closing Arguments

Defendant next contends that the prosecutor's closing arguments exceeded the limits of proper advocacy and undermined the fundamental fairness of his trial. We disagree.

While counsel may draw from the evidence reasonable inferences as to witness credibility and point to circumstances casting doubt on a witness's testimony, it is improper for counsel to express a personal belief as to the truth or falsity of the testimony. *Wilson v. People*, 743 P.2d 415 (Colo.1987); *People v. Kerber*, 64 P.3d 930, 2002 WL 31600882 (Colo.App. No. 01CA1173, Nov. 21, 2002).

A prosecutor's assertion of this type of personal opinion poses two distinct dangers:

[1] such comments can convey the impression that evidence not present[ed] to the jury, but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and [2] the prosecutor's opinion carries with it the imprimatur of the Government and may induce the jury to trust the Government's judgment rather than its own view of the evidence.

*Wilson v. People, supra*, 743 P.2d at 418–19 (quoting *United States v. Young*, 470 U.S. 1, 18–19, 105 S.Ct. 1038, 1048, 84 L.Ed.2d 1 (1985)).

 Claims of improper argument must be evaluated in the context of the argument as a whole and in light of the evidence before the jury. *People v. Kerber, supra*. The determination whether closing argument is improper is a matter committed to the discretion of the trial court. *People v. Shepherd*, 43 P.3d 693 (Colo.App.2001). Accordingly, the trial court's ruling will not be disturbed on review in the absence of an abuse of discretion. *Dunton v. People*, 898 P.2d 571 (Colo.1995); *People v. Fernandez*, 883 P.2d 491 (Colo.App.1994).

### A.

 Defendant argues that the prosecutor improperly expressed her opinion as to his veracity. We disagree.

In her rebuttal, the prosecutor compared defendant's testimony about blanking out after drinking tea to a young boy's breaking a window and then, while holding a baseball glove and bat, telling his parents that he drank Kool–Aid earlier in the day and therefore does not recall anything, including what happened to the window. The prosecutor stated, "Little Johnny is lying. And what does that tell you in this case? Terry Dashner lied. He lied to you when he took the stand."

Defendant objected to the comments, and the trial court overruled the objection, stating, "I think it's a reasonable comment on the evidence that was presented."

Neither of the dangers discussed in *Wilson v. People, supra*, is implicated here. The comments do not suggest that the prosecutor had formed an opinion of guilt based on evidence not presented at trial, nor do they purport to carry the imprimatur of the government. Rather, the statements merely served to highlight for the jury the prosecution's argument that defendant's testimony about drinking tea and blanking out was unbelievable.

As the division pointed out in *People v. Kerber, supra*, other courts have held that a prosecutor's use of the words "lie" or "liar" is not per se prosecutorial misconduct. *See also United States v. Hernandez–Muniz*, 170 F.3d 1007, 1012 (10th Cir.1999). The *Kerber* division also cited with approval *Clayton v. State*, 765 A.2d 940 (Del.2001), in which the court concluded that a prosecutor may refer to statements or testimony as a "lie" "(1) if one may legitimately infer from the evidence that the statement is a lie, and (2) if the prosecutor relates the argument to specific evidence that tends to show the testimony or statement is a lie." *People v. Kerber, supra*, 64 P.3d at 934.

In making the comments concerning defendant's credibility here, the prosecutor pointed to specific evidence that refuted defendant's account concerning the effects of the tea. The prosecutor highlighted the testimony of other witnesses who had been with defendant throughout the day and had seen nothing unusual in his appearance or behavior. Thus, it could be legitimately inferred from the evidence that defendant's account was untrue, and the prosecutor's remarks were related to specific evidence supporting that assertion. *See People v. Merchant*, 983 P.2d 108, 115 (Colo.App.1999)(prosecutor's statement in closing argument—"I think the evidence is clear that [defendant] is guilty, and I'd ask you to return ... with that verdict"—held to be proper comment on the evidence and reasonable inferences to be drawn from it).

Under the circumstances, we find no abuse of discretion warranting reversal here.

### B.

 Defendant also contends that the prosecutor's references to him as "amnesia boy" and to the tea he allegedly drank as "magical tea" or "gross tea" so denigrated defendant and his theory of defense that justice requires reversal or a new trial. We perceive no basis for reversal.

Because defendant made no contemporaneous objection to these statements, we review them for plain error. *See Wilson v. People, supra.* Under the plain error standard, reversal is required only if, after examining the record, the reviewing court may say with fair assurance that the prosecutorial misconduct so undermined the basic fairness of the trial as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People, supra; People v. Kerber, supra.*

In closing argument, a prosecutor may employ rhetorical devices and engage in oratorical embellishment and metaphorical nuance, so long as he or she does not thereby induce the jury to determine guilt on the basis of prejudice or passion, inject irrelevant issues or evidence into the case, or accomplish some other improper purpose. *Harris v. People,* 888 P.2d 259 (Colo.1995); *People v. Hastings,* 983 P.2d 78 (Colo.App.1998), *aff'd sub nom. Gorman v. People,* 19 P.3d 662 (Colo.2000).

While sarcasm and denigrating references are to be avoided by all counsel, we nevertheless find no reasonable likelihood that the prosecutor's comments here, evaluated in the context of the argument as a whole and in light of the evidence before the jury, affected the verdict or deprived defendant of a fair and impartial trial. *See Harris v. People, supra.*

We thus find no plain error regarding these statements.

### IV. Witness Sequestration

Finally, defendant contends that the trial court erred in not granting a mistrial or imposing sanctions for an alleged violation of its witness sequestration order. We disagree.

"The purposes of a sequestration order are to prevent a witness from conforming his [or her] testimony to that of other witnesses and to discourage fabrication and collusion." *People v. Wood,* 743 P.2d 422, 429 (Colo.1987). Determinations relating to alleged violations of sequestration orders are within the trial court's discretion, and reversal is not required absent a finding of abuse of that discretion. *People v. Wood, supra; People v. Gomez,* 632 P.2d 586 (Colo.1981). To demonstrate an abuse of discretion, the defendant must show prejudice resulting from the trial court's ruling. *People v. Scarlett,* 985 P.2d 36 (Colo.App.1998).

Here, defendant's mother testified that, while sitting outside the courtroom, she saw law enforcement witnesses discussing their testimony and sharing among themselves what appeared to be a report.

The record does not indicate that defendant suffered any prejudice from this alleged violation of the sequestration order. We therefore find no abuse of discretion.

The case is remanded for a hearing on defendant's pretrial motions to suppress. If the court grants either or both motions, the judgment of conviction will be vacated, and defendant will be granted a new trial. If the court denies both motions, the judgment will stand affirmed, subject to any appeal of the ruling on the motions to suppress.

Judge ROTHENBERG and Judge DAILEY concur.