The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Ronnie E. MARTINEZ, Defendant–Appellant.**

No. 05CA0933.

Colorado Court of Appeals, Div. VI.

May 17, 2007.

John W. Suthers, Attorney General, Jennifer M. Smith, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, Ronnie E. Martinez, appeals the amount of restitution imposed in connection with his conviction for attempted theft from the person of another. We vacate the order of restitution and remand the case for further proceedings.

Defendant was alleged to have driven a stolen car into his neighbor's fence. He was charged with six offenses, including three class four felonies (first degree aggravated motor vehicle theft, theft by receiving, and criminal mischief). In exchange for the dismissal of those six counts, defendant agreed to plead guilty to an added count of attempted theft from the person of another. The trial court sentenced defendant to probation and set the matter for a hearing on the amount of restitution to be ordered.

Defendant failed to appear on the date scheduled for the restitution hearing. Although defendant's attorney was present and ready to proceed, the trial court took defendant's absence as a waiver of his right to contest restitution, and, without conducting a hearing, imposed the full amount of restitution requested by the prosecution ($2978).

Defendant had wanted to challenge those portions of the restitution award representing the victim's lost wages ($36) and personal property that had been taken from the vehicle ($1263).

On appeal, defendant contends that the trial court erred in imposing restitution (1) in his absence and (2) without allowing his counsel, at least, to contest the amount requested. We agree with his second contention.

We assume, for purposes of this appeal, that the trial court here could have ordered restitution in defendant's absence. *See People v. Stephenson,* 165 P.3d 860, 868, 2007 WL 416113 (Colo.App. No. 04CA1288, Feb. 8, 2007) (indicating that, when a defendant is available for inquiry, the preferred approach is for the trial court to advise the defendant of his or her right to be present and to determine whether the defendant knowingly, intelligently, and voluntarily waived that right; acknowledging, however, that the United States Supreme Court has held that a valid, voluntary "waiver can occur whether or not the defendant 'has been expressly warned by the trial court' " (quoting *Taylor v. United States,* 414 U.S. 17, 19, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973))).

█ In our view, the trial court erred in concluding that defendant's nonappearance waived not only his right to be present but also his right to contest the amount of restitution.

█ In a restitution proceeding, the prosecution bears the burden of proving not only the victim's losses, but also that the victim's losses are attributable to the acts of the defendant. *See People v. Randolph,* 852 P.2d 1282, 1284 (Colo.App.1992).

█ A defendant waives his or her objections to the amount of restitution by failing to go forward with evidence when given the opportunity to do so. *See People v. Miller,* 830 P.2d 1092, 1094 (Colo.App.1991). Even though a defendant does not physically appear at a restitution hearing, the defendant may nonetheless appear through counsel to contest the amount of the award. *See M.W.G. v. State,* 945 So.2d 597, 600 (Fla.Dist. Ct.App.2006); *cf. People v. Harris,* 914 P.2d 434, 437 (Colo.App.1995)(indicating defense counsel may waive defendant's presence at suppression hearings).

Here, because defendant's counsel was present and ready to proceed, we conclude that the court should have heard defendant's challenge to, rather than summarily awarding, the amount requested by the prosecution. *Cf. People v. Dashner,* 77 P.3d 787, 791 (Colo.App.2003) (courts may hear and decide motions to suppress despite a defendant's absence), *disapproved of on other grounds by Domingo–Gomez v. People,* 125 P.3d 1043 (Colo.2005).

In making this determination, we necessarily reject the People's reliance on *People v. Abbott,* 638 P.2d 781 (Colo.1981), and *People ex rel. Farina v. District Court,* 185 Colo. 118, 522 P.2d 589 (1974). Both cases involved a defendant's waiver-through-absence of the right to a preliminary hearing.

In *Dashner, supra,* 77 P.3d at 791, the division quoted with approval Justice Blackmun's dissent in *Gannett Co. v. DePasquale,* 443 U.S. 368, 437, 99 S.Ct. 2898, 2935, 61 L.Ed.2d 608 (1979), to the effect that preliminary hearings "are not critical to the criminal justice system in the way the suppression-of-evidence hearing is and they are not close equivalents of the trial itself in form."

Here, unlike rulings entered at preliminary hearings, an order of restitution is a dispositive ruling. By statute, an order of restitution is a "final civil judgment in favor of the state and any victim." Section 18–1.3–603(4)(a), C.R.S.2006. In the civil context, a default judgment would not be imposed simply because the lawyer, rather than the party, appeared. *See* C.R.C.P. 55(a) (court may enter default against a party who "has failed to plead or otherwise defend"); *cf. Rombough v. Mitchell,* 140 P.3d 202, 204 (Colo. App.2006) ("a court may [not] enter default

against a defendant who has answered and actively litigated, on the ground that her nonappearance at trial is a failure to 'otherwise defend' within the meaning of C.R.C.P. 55(a)").

We therefore conclude that a court may not order restitution without a hearing when the prosecution must prove the amount of the victim's loss and its causal link to the defendant, and when defense counsel is present and prepared to contest those matters.

Accordingly, the order of restitution is vacated, and the case is remanded for a hearing to determine the amount of restitution that defendant must pay.

Judge GRAHAM and Judge RUSSEL concur.