■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WHITEHEAD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 14, 1984, convicting him of attempted robbery in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the case is remitted to the Supreme Court, Queens County, for a hearing on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal is held in abeyance in the interim; the Supreme Court shall file its report with all convenient speed.

On January 26, 1984, the defendant was present in court when his case was called for a previously ordered *Wade* hearing. The court informed the parties that the hearing would commence at 2:00 P.M. after a luncheon recess. The defendant's attorney advised him that the hearing would be held at 2:00 P.M. and he should return to court at that time. When court reconvened at 2:00 P.M. the defendant was not there. After waiting for approximately one hour the court announced to the attorneys that the defendant had waived his right to a hearing. A bench warrant was issued for the defendant's arrest, and in June 1984 he was returned to court in custody. Prior to setting the case down for trial the court reiterated its decision that the defendant had waived his right to a hearing. The defendant objected, but his request for a hearing was denied.

A defendant has a right to be present at all material stages of his trial *(see, People v Mehmedi,* 69 NY2d 759, *rearg denied* 69 NY2d 985; *People v Parker,* 57 NY2d 136). This includes pretrial hearings *(see, People v Anderson,* 16 NY2d 282; *People v Gilbert,* 96 AD2d 648; *People v Burts,* 64 AD2d 283). A defendant can expressly waive his right to be present *(see, People v Sanchez,* 65 NY2d 436, 443-444; *People v Parker, supra)* or his waiver can be implied by certain conduct on his part *(see, People v Sanchez, supra; People v Parker, supra),* as long as he has been advised by the court of the consequences which can occur if he fails to appear *(see, People v Sanchez, supra; People v Parker, supra).* Even where a court has not warned a defendant that a hearing or trial will continue in his absence he may forfeit his right to be present where he is told that a hearing is about to begin and then deliberately fails to reappear in court. It can be implied as a matter of law that the defendant forfeited his right to be present at the hearing *(see, Taylor v United States,* 414 US 17; *People v Sanchez, supra; People v Ellerbe,* 115 AD2d 614, *lv denied* 67 NY2d 761).

However, although a defendant may waive or forfeit his right to be present he does not as a consequence of his actions waive his right to a hearing or a trial *(cf., People v Parker, supra; People v Sanchez, supra).* His waiver or forfeiture merely allows the court to try him in absentia *(see, Taylor v United States, supra; People v Sanchez, supra; People v Parker, supra).* It was therefore error for the trial court to conclude that the defendant's failure to appear in court constituted a waiver of his right to a hearing. The case must therefore be remitted to Supreme Court so that a suppression hearing may

be held. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.