On appellant's petition for reconsideration filed September 13, 1989, reconsideration allowed, former decision (97 Or App 588, 778 P2d 515) withdrawn, judgment and order revoking probation vacated and remanded for further proceedings November 8, 1989

## STATE OF OREGON,
*Respondent,*

*v.*

## DOVIE ANN DESIREY,
*Appellant.*

(87-C-21242; CA A46721)

782 P2d 429

Steven H. Gorham, Salem, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant petitions for review of our decision, 97 Or App 588, 778 P2d 515 (1989), affirming the trial court without opinion. We treat the petition as one for reconsideration, ORAP 10.10, and allow it.

Defendant was charged with possession of a controlled substance and filed a motion to suppress evidence. However, she failed to appear on October 14, 1987, the date that the motion was to be heard. In response, the trial court struck the motion and issued a bench warrant for her arrest. Defendant subsequently appeared on October 27, 1987, and received a continuance. On November 4, 1987, she appeared again before a different judge and requested to renew her motion to suppress.[1] The judge denied the motion, stating:

> "I'm not going to set aside Judge Sloper's order. I think if you file a motion here or have an opportunity to appear, if you don't do so, you can in effect waive it. I think that's basically what his order to strike means."

Defendant argues that the trial court erred in striking her motion to suppress.[2] We agree. That action, however labeled, amounted to a refusal to consider the merits of defendant's motion because of her failure to appear. The state does not point to, nor are we aware of, any authority permitting the court to do that. The court could have decided the motion in defendant's absence, but it did not have the authority to refuse to consider it. Moreover, even though she may have waived her right to be present, there is no evidence in the record that would support a finding that defendant's failure to appear constituted a waiver of her right to a hearing on the matter.[3] Accordingly, we vacate the judgment and resulting probation

---

[1] Defendant properly preserved the error.

[2] Defendant's contention that the trial court's sentencing order was in error is without merit.

[3] The state cites *State v. Miller*, 269 Or 328, 524 P2d 1399 (1974), for the proposition that, by proceeding to trial on stipulated facts, a defendant may waive her right to argue that evidence has been admitted improperly. However, *Miller* held that, because the record disclosed that the defendant and his attorney had agreed to the admission of physical evidence, the disputed evidence was seized incident to lawful arrest and the defendant's testimony made the evidence admissible against him, "any error in the previous denial of a hearing on defendant's motion to suppress became harmless error * * *." 269 Or at 338. It did not premise its holding on a finding of waiver.

revocation order and remand the case for a hearing on defendant's motion to suppress. If the trial court denies the motion, it shall reinstate its former judgment and revocation order. If the motion is granted, defendant shall receive a new trial.

Reconsideration allowed; former decision withdrawn; judgment and order revoking probation vacated; remanded for further proceedings not inconsistent with this opinion.