◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMPS LOGAN, Appellant. [708 NYS2d 411] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 9, 1997, convicting him of assault in the first degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing (Thomas, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence, identification testimony, and a statement he made to law enforcement authorities.

Ordered that the case is remitted to the Supreme Court, Queens County, to hear and determine the suppression issues, and the appeal is held in abeyance in the interim. The Supreme

Court, Queens County, shall file its report with all convenient speed.

On August 31, 1995, the defendant was present in court when his case was called for a previously ordered, combined *Wade/Mapp/Huntley* hearing. At the request of the defense counsel, the court adjourned the matter for approximately one-half hour, while defense counsel took care of matters in other courts. When the court recalled the matter shortly thereafter, all counsel were present. However, the defendant failed to reappear, and a bench warrant was issued. The defendant was arrested on an unrelated matter approximately one year later, and was returned to the court on the previously-issued warrant. Thereafter, the People moved to preclude the defendant from proceeding with any pretrial motions on the ground that he had waived his right to do so by absconding. Over the defendant's objection, the court granted the motion, and the parties proceeded to trial. Near the close of the People's case-in-chief, however, the defendant changed his plea from not guilty to guilty, which resulted in convictions and sentences on the charges of assault in the first degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree.

A defendant has a right to be present at all material stages of his trial, including pretrial hearings (*see, People v Parker,* 57 NY2d 136; *People v Whitehead,* 143 AD2d 1066, 1067). A defendant can, however, forfeit his right to be present at a hearing where he is told that a hearing is about to begin and then deliberately fails to reappear in court (*see, People v Whitehead, supra,* at 1067). It can be implied as a matter of law by such actions that the defendant forfeited his right to be present at the hearing (*see, Taylor v United States,* 414 US 17; *People v Sanchez,* 65 NY2d 436, 443-444; *People v Whitehead, supra*).

Although a defendant may forfeit his right to be present, he does not as a consequence of his actions waive his right to a hearing or a trial (*see, People v Whitehead, supra*). His forfeiture merely allows the court to try him in absentia. Therefore, the court erred in concluding that the defendant's failure to appear in court constituted a forfeiture of his right to a hearing. Under the circumstances, the case must be remitted to the court so that a suppression hearing may be held. Accordingly, the appeal shall be held in abeyance pending a determination from the court in the suppression hearing. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.