■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMPS LOGAN, Appellant. [721 NYS2d 89] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 9, 1997, convicting him of assault in the first degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing (Thomas, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence, identification testimony, and a statement he made to law enforcement authorities. By decision and order of this Court dated April 10, 2000, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Queens County, to hear and report on the suppression issues (*see, People v Logan,* 271 AD2d 549). The Supreme Court, Queens County, has now filed its report.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the complainant's identification of him was the result of a witness-initiated procedure which was not unduly suggestive (*see, People v Dixon,* 85 NY2d, 218, 223; *People v Flores,* 232 AD2d 654). Furthermore, the defendant's spontaneous statement, made before the police officers spoke to him or arrested him, was not triggered by any police conduct which could reasonably have been anticipated to evoke a declaration from him (*see, People v Lynes,* 49 NY2d 286, 295; *People v Webb,* 224 AD2d 464).

The Supreme Court properly denied the defendant's application to suppress the physical evidence seized immediately after his arrest. The steering wheel lock device, which the defendant used to commit the assault, was lying on the floor of the car. Since the arresting officer had reason to believe that the car contained evidence related to the crime for which the defendant was arrested, it was proper for him, without a warrant, to look into the car which the defendant had occupied immediately prior to the arrest (*see, People v Galak,* 81 NY2d 463, 467; *People v Belton,* 55 NY2d 49, 55; *People v Rodriguez,* 221 AD2d 574).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.