## A05A0080. CAYRUTH v. THE STATE.
(614 SE2d 809)

BERNES, Judge.

A Clayton County jury found Michael L. Cayruth guilty of trafficking in both cocaine and marijuana. Cayruth appeals alleging only that the trial court erred by failing to hold a hearing on his motion to suppress; by failing to grant his motion in limine; and by failing to find his trial counsel ineffective. We find Cayruth's allegation of errors to be without merit and affirm his convictions.

1. Cayruth contends the trial court erred in failing to conduct a hearing on his motion to suppress even though Cayruth failed to appear for the hearing. The record does not reflect any reason for Cayruth's failure to appear or that his trial counsel attempted to waive his presence. "Without a waiver or acquiescence by defendant, it is prejudicial error to conduct an evidentiary suppression hearing in defendant's absence. [Cits.]" *Hill v. State*, 222 Ga. App. 839 (1) (476 SE2d 634) (1996). "Not even defendant's counsel has the authority to waive his presence during his absence, except by express authority." (Citation and punctuation omitted.) *Riley v. State*, 180 Ga. App. 409 (1) (349 SE2d 274) (1986) (physical precedent only). Clearly, an affirmative waiver cannot be presumed simply from Cayruth's failure to appear.

Further, we find inapplicable those cases, cited by Cayruth, in which the trial court *proceeded* with a suppression hearing without the defendant. See, e.g., *Keen v. State*, 164 Ga. App. 81, 85-86 (3) (296 SE2d 91) (1982); *Dobbs v. State*, 245 Ga. 208 (2) (264 SE2d 18) (1980); *Reid v. State*, 119 Ga. App. 368 (1) (166 SE2d 900) (1969). While we have found that, in certain instances, proceeding without a defendant absent his waiver may be "harmless error," it does not follow that *refusing* to proceed without a defendant absent his waiver is "reversible error." Accordingly, without evidence of waiver, we find no error in the trial court's refusal to go forward with the suppression hearing in Cayruth's absence.

2. Likewise, we find no error in the trial court's refusal to consider the suppression issue through a subsequent motion in limine filed by Cayruth. "[A defendant] may not circumvent the requirement of a timely, written motion to suppress by couching his motion . . . as a motion in limine." (Citation and punctuation omitted.) *Jackson v. State*, 252 Ga. App. 268, 270 (2) (555 SE2d 908) (2001). "Motions in limine do not replace motions to suppress or other specific kinds of pre-trial hearings in criminal cases." *Copeland v. State*, 272 Ga. 816, 818 (2) (537 SE2d 78) (2000). Further, we note that, prior to the admission of the evidence about which he now complains, Cayruth's trial counsel expressly stated, "No objection." Thus, Cayruth waived

and failed to preserve his right to contest the admission of this evidence on appeal. *Mew v. State*, 267 Ga. App. 454, 455 (2) (600 SE2d 397) (2004).

3. In his last claim of error, Cayruth contends his trial counsel was ineffective for failing to move for mistrial based on the continued service of a juror who approached a State's witness during trial.

> [I]n order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999).

*Robinson v. State*, 278 Ga. 31, 34 (3) (597 SE2d 386) (2004), citing *Robinson v. State*, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Cayruth failed to meet his burden in the instant case. The record reveals that on the third day of trial, the prosecutor relayed a report that at about 5:30 on the previous day after court had adjourned, a female juror approached Agent Smith in the parking lot and attempted to speak with him about her son's interest in becoming a police officer. The agent told the juror he was not allowed to speak with her. After the prosecutor disclosed the exchange on the record, Cayruth's trial counsel stated, "Our position is that we don't see a problem with it. The — we feel like the officer acted appropriately by not talking with the juror at all and so we don't have any problems with it."

Cayruth failed to call his trial counsel as a witness at the hearing on his motion for new trial. Thus, Cayruth has "made no affirmative showing that the purported deficiency in his trial counsel's representation was indicative of ineffectiveness and was not an example of a conscious and deliberate trial strategy." *Baker v. State*, 251 Ga. App. 377, 379 (2) (554 SE2d 324) (2001). Further, the decision whether to make certain objections falls within the area of trial strategy and usually provides no basis for a finding of ineffective assistance of counsel. *Smith v. State*, 261 Ga. App. 871, 876 (5) (583 SE2d 914) (2003). Accordingly, Cayruth has not shown clear error in the trial court's conclusion that he received effective assistance of counsel at trial. *Rutledge v. State*, 237 Ga. App. 390, 392 (2) (515 SE2d 1) (1999).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MAY 5, 2005.

*Franklin N. Biggins,* for appellant.

*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney,* for appellee.