## A06A2491. EDWARDS v. THE STATE.
(638 SE2d 347)

SMITH, Presiding Judge.

Jemmie Nell Woody Edwards appeals from her conviction for trafficking in methamphetamine, arguing that the trial court erred in denying her petition to file an out of time motion to suppress. We find no error and affirm.

The record shows that Edwards filed a motion to suppress and an amended motion to suppress evidence obtained in a search of her home. At the September 6, 2002 hearing on the motion, Edwards failed to appear. Trial counsel acknowledged that he did not have "specific authority from [Edwards] to waive her appearance," and asked the trial court for a "contingent dismissal" to provide Edwards an opportunity to explain her absence. The trial court then dismissed Edwards's motion to suppress for her failure to appear.

On October 6, 2003, new counsel was appointed to represent Edwards. New counsel filed a petition to set aside the order dismissing Edwards's motion to suppress. The petition provided no explanation for Edwards's failure to appear at the September 6 hearing and stated only that the "motion to suppress is meritorious" and "should be heard by the trial court." Prior to trial, the court denied the petition.

Edwards now appeals arguing that the court erred in denying her petition to file an out of time motion to suppress. The record here, however, does not reflect the reason for Edwards's failure to appear, and original trial counsel specifically stated that he did not have

authority to waive her presence. "Without a waiver or acquiescence by defendant, it is prejudicial error to conduct an evidentiary suppression hearing in defendant's absence." (Citations and punctuation omitted.) *Cayruth v. State*, 273 Ga. App. 166 (1) (614 SE2d 809) (2005). There was therefore no error in the trial court's refusal to go forward with the suppression hearing in Edwards's absence. And as it appears that the trial court was never presented with any explanation for Edwards's absence from the hearing, we cannot say that the court erred in dismissing Edwards's motion to suppress or in denying her subsequent attempt to renew the motion.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 18, 2006 —
RECONSIDERATION DENIED NOVEMBER 6, 2006 —

*Whitmer & Law, George H. Law III, Leanne K. Shipley, H. Bradford Morris, Jr., Jimmonique R. S. Rodgers*, for appellant.

*Lee Darragh, District Attorney, Alison W. Toller, Assistant District Attorney*, for appellee.