202 P.3d 1288

STATE of Idaho, Plaintiff–Respondent,

v.

Dale A. RUPERD, Defendant–Appellant.

No. 32761.

Court of Appeals of Idaho.

Feb. 6, 2009.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant. Heather M. Carlson argued.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent. Rebekah A. Cudé argued.

PERRY, Judge.

Dale A. Ruperd appeals from his judgments of conviction for felony possession of a controlled substance, possession of drug paraphernalia, misdemeanor possession of a controlled substance, and possession of an open container. Specifically, Ruperd challenges the district court's refusal to reschedule a hearing on his motion to suppress evidence after he failed to appear. For the reasons set forth below, we remand for further proceedings.

I.

FACTS AND PROCEDURE

Ruperd's car was stopped based on a tip reporting suspicious activity by its occupants at a convenience store. After Ruperd allegedly consented to a search of the car, police found drug paraphernalia and an open container of alcohol. Ruperd was placed under arrest. During a search of the trunk of the car, the police discovered a set of electronic scales, numerous baggies with a white crystal residue, and two baggies that had measurable amounts of methamphetamine and marijuana. Ruperd was charged with felony possession of a controlled substance, I.C. § 37–2732(c)(1); possession of drug paraphernalia, I.C. § 37–2734A; misdemeanor possession of a controlled substance, I.C. § 37–2732(c)(3); and possession of an open container of alcohol, I.C. § 23–505.

Ruperd filed a motion to suppress the methamphetamine, drug paraphernalia, mari-

juana, and open container, arguing that the police lacked reasonable suspicion to conduct the initial stop of his car and that the search and seizure of the car were unreasonable. The original hearing on Ruperd's motion was postponed because of a delay in obtaining the transcripts from the preliminary hearing. At the rescheduled date for the hearing on Ruperd's motion to suppress, Ruperd obtained a continuance in order to seek private counsel. At the later rescheduled date, appointed counsel for Ruperd was present, but he was not. After counsel began her argument, the district court interrupted and inquired as to Ruperd's absence. A bench warrant was issued, the witness was excused, and the district court refused to hear the motion at that time. The district court later stated on two more occasions its intention not to hold another hearing on the motion to suppress because Ruperd had failed to appear.

A jury found Ruperd guilty of all charges. The district court sentenced him to a unified term of five years, with a minimum period of confinement of two years for felony possession of a controlled substance; 180 days for possession of drug paraphernalia; 365 days for misdemeanor possession of a controlled substance; and 60 days for possession of an open container of alcohol. The district court ordered Ruperd's sentences to run concurrently. Ruperd appeals, challenging the district court's refusal to hold a hearing on his motion to suppress after his failure to appear on the rescheduled date.

## II.

### ANALYSIS

Ruperd contends that the district court abused its discretion when it refused to hold a hearing on his motion to suppress after he failed to appear at a previous hearing. Specifically, Ruperd contends that his appointed counsel was present at the earlier hearing and prepared to argue the motion and, therefore, the district court was required to hear the motion at that time or at a subsequent hearing. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correct-

ly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In this case, Ruperd was ordered at his arraignment to be present at all hearings for pretrial motions. After he filed his motion to suppress, the hearing was twice delayed for various reasons. At the second suppression hearing, wherein Ruperd sought a continuance in order to obtain private counsel, the district court rescheduled the hearing and ordered that Ruperd be present at the rescheduled date either with private counsel or with appointed counsel. At the time of the rescheduled hearing on August 25, 2005, Ruperd was not present. After appointed counsel proceeded to argue the motion, the district court interrupted and the following exchange occurred:

THE COURT: And where is your client?

[COUNSEL]: Your Honor, I inherited this case from the previous attorney. We have had contact, sent him a letter which was sent back to us returned. We tried to call his phone a couple days ago and I believe that number not—nobody answered that number. It was disconnected. We've had no contact with [Ruperd].

. . . .

[COUNSEL]: ... I have not received any substitution of counsel or anything so I'm not aware.

. . . .

THE COURT: Based upon [Ruperd's] failure to appear and the Court issuing a bench warrant in this case, I am not going to hear the Motion to Suppress at this time.

At a subsequent pretrial conference on October 4, Ruperd was in custody and the parties were discussing the terms of a potential plea agreement involving Ruperd being released on his own recognizance. Defense counsel, addressing the district court, stated: "That is—there's also a Motion to Suppress

that—." At this point, the district court again interrupted: "The time for the Motion to Suppress is done and gone. He failed to appear." On November 1, at another pretrial conference at which the parties were again discussing issues surrounding a potential plea agreement, defense counsel attempted to ask Ruperd his preference concerning his motion to suppress, at which time the following exchange occurred with the district court:

[COUNSEL]: You want to go to trial or do you want to hear the Motion to Suppress?

THE COURT: Well, the Motion to Suppress, that train came and left the station when you failed to show up. He had his chance on that.

[COUNSEL]: He's saying that we can't hear the Motion to Suppress.

THE COURT: He had his chance to have the hearing on the Motion to Suppress. He failed to show up, the Motion to Suppress didn't happen, and I'm not going to have it reheard. Otherwise a person is gonna come into court, have a Motion to Suppress, not show up, and then use that as a basis to try to have the case continued time after time. What I'm telling you now is there is no court date for a suppression hearing in this case. This case is set for trial November 8th, next week.

◼ Idaho Criminal Rule 12 gives a district court discretion to shorten or enlarge the time for bringing a hearing on pretrial motions or to excuse a party's noncompliance with deadlines for bringing a hearing.[1] In this case, however, the district court, in effect, refused to hear Ruperd's motion to suppress at a later time as a sanction for his failure to appear. Nothing in I.C.R. 12 gives the district court the discretion to treat a defendant's failure to appear as a waiver of his or her right to have a hearing on a timely motion. While Idaho appellate authority is silent on this particular issue, authority exists from other jurisdictions that have addressed it. *See, e.g., People v. Martinez,* 166 P.3d 223, 224 (Colo.Ct.App.2007) (holding that treating a defendant's failure to appear as a waiver not only of the right to be present, but of the right to have a hearing on the motion, was error); *Robinson v. Commonwealth,* 445 Mass. 280, 837 N.E.2d 241, 246 (2005) ("We have found no other statutes or appellate cases that give a judge discretion to find a suppression motion waived by the defendant's absence."); *State v. Canty,* 278 N.J.Super. 80, 650 A.2d 391, 393 (Ct.App. Div.1994) (When a defendant fails to appear at a suppression hearing, "the court may either postpone the hearing ... or proceed *in absentia.* The court should not dismiss the motion with prejudice."); *People v. Whitehead,* 143 A.D.2d 1066, 533 N.Y.S.2d 753, 754 (N.Y.App.Div.1988) ("[A]lthough a defendant may waive or forfeit his right to be present he does not as a consequence of his actions waive his right to a hearing or a trial."); *State v. Desirey,* 99 Or.App. 283, 782 P.2d 429, 429 (1989) (holding that, when defendant failed to appear at scheduled suppression hearing, the "court could have decided the motion in defendant's absence, but it did not have the authority to refuse to consider it"). Therefore, we conclude that the district court exceeded the bounds of its discretion when it, in effect, treated Ruperd's failure to appear as a waiver of his right to a hearing on his motion to suppress.

◼ The state contends that the district court never ruled on whether Ruperd was entitled to another hearing on his motion because Ruperd never brought another notice of hearing for the district court to deny. However, as we have previously noted, the district court unequivocally stated to Ruperd and his counsel on multiple occasions that the motion to suppress would not be reheard because Ruperd failed to appear, not because it was waiting for counsel to file a notice of hearing. The law does not require the doing of a useless thing. *See, e.g., United States v. Lopez,* 777 F.2d 543, 554 (10th Cir.1985)

---

1. Idaho Criminal Rule 12(d) provides, in pertinent part:

> .... In felony cases, [pretrial] motions must be brought on for hearing within fourteen (14) days after filing or forty-eight (48) hours before trial whichever is earlier. The court in its discretion may shorten or enlarge the time provided herein, and for good cause shown, or for excusable neglect, may relieve a party of failure to comply with this rule.

(holding that, in order to show unavailability of a witness, service of process by the defendant was not required when the witness had jumped bail and fled). We, consequently, conclude Ruperd was not required to perform the futile act of bringing a notice of hearing on the motion to suppress when the district court had already interrupted his counsel on several occasions to emphasize that the motion would not be reheard.

■ The state also argues that, because the time limitations imposed by Rule 12 for holding a hearing on a timely motion were already exceeded, the district court had discretion to refuse to extend the time for the hearing on the motion. However, this is not an instance where the district court acted within its discretion in refusing to further extend a deadline. At all times in this case, the *sole* reason given by the district court for refusing to hear the motion to suppress was Ruperd's failure to appear at the previous hearing. Furthermore, the district court expressed concern that other defendants might be encouraged to file a motion to suppress, fail to appear at the hearing on the motion, and thereby use that as a mechanism for delaying their trial. However, while a defendant may have the right to be present at a motion to suppress, he or she may waive that right through voluntary absence. The United States Supreme Court and this Court, have held that a trial proceeding may continue *in absentia* when the defendant is voluntarily absent or removed for disorderly conduct. *See Diaz v. United States*, 223 U.S. 442, 454, 32 S.Ct. 250, 253, 56 L.Ed. 500, 505 (1912); *State v. Miller*, 131 Idaho 186, 188, 953 P.2d 626, 628 (Ct.App.1998); *see also* I.C.R. 43(b) (providing that a defendant may waive his or her right to be present during trial proceedings if he or she is voluntarily absent after trial commences or who, after receiving a warning from the court, acts in a disorderly, disruptive, or disrespectful manner). It follows reason, then, to extend this analysis to the context of a pretrial motion to suppress.

Finally, Idaho Criminal Rule 43 provides that a defendant's presence is required at particular stages of trial unless his or her continued presence is excused by certain enumerated exceptions. The stages of trial requiring defendant's presence include impaneling of the jury, the return of the verdict and sentencing, as well as arraignment and plea hearings. This does not include a pretrial hearing on a motion to suppress. Thus, the district court was not required to repeatedly reschedule hearings on Ruperd's motion to suppress until he appeared and, pursuant to Rule 43, could have proceeded *in absentia*.[2] In this case, the district court revoked bond and held Ruperd in custody pending trial. Therefore, the district court's refusal to reschedule a hearing on Ruperd's motion based on erroneous reasoning constituted an abuse of discretion.

### III.

### CONCLUSION

The district court's refusal to reschedule a hearing on Ruperd's motion to suppress because he failed to appear at an earlier hearing exceeded the bounds of its discretion. Furthermore, the district court's concern that other defendants would seek to delay their trial through similar tactics was unfounded because the right to be present at a hearing on a motion to suppress may be waived by a defendant's voluntary absence. Thus, refusal to hold another hearing on Ruperd's motion to suppress on those grounds also constituted an abuse of discretion. Therefore, this case is remanded for further proceedings. Upon remand, the district court is to conduct a hearing on Ruperd's motion to suppress. If the district court denies the motion to suppress, then Ruperd's judgment of conviction entered after his jury trial remains undisturbed. However, in the event the district court determines that the motion to suppress should have been granted and that evidence at Ruperd's trial was admitted in error, Ruperd's

2. We do not hold that a defendant's failure to appear always justifies a district court in proceeding *in absentia,* such as in cases where a defendant is in custody elsewhere or is absent due to no fault of his or her own.

judgment of conviction must be vacated and a new trial granted.

Chief Judge LANSING and Judge GUTIERREZ concur.