# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK SMOLKA, | § | |
| | § | No. 500, 2014 |
| Defendant-Below, Appellant, | § | |
| | § | Court Below – Superior Court |
| v. | § | of the State of Delaware, in and |
| | § | for New Castle County |
| STATE OF DELAWARE, | § | |
| | § | Criminal ID No. 1308022148 |
| Plaintiff-Below, Appellee. | § | |

Submitted: June 10, 2015
Decided: June 23, 2015

Before **HOLLAND**, **VAUGHN,** and **SEITZ**, Justices.

Upon appeal from the Superior Court. **REVERSED AND REMANDED**.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for Appellant Mark Smolka.

Andrew J. Vella, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for Appellee.

**SEITZ**, Justice:

## I.    INTRODUCTION

In August 2013, officers from New Castle County Police Operation Safe Streets searched a home at 5 Worthy Down Avenue in Bear, Delaware. During the search, the officers found Mark Smolka inside the house and a Taurus .38 special revolver in a closet. Smolka, who is a person prohibited from possessing a firearm, admitted at the scene that he had moved the gun to a closet and placed a lock on it. Smolka was arrested and charged with, among other offenses, possession of a firearm by a person prohibited.

Before trial, Smolka filed a motion to suppress evidence he claimed was illegally obtained during the search as well as his statements to the officers. The Superior Court denied Smolka's motion because Smolka failed to appear at the suppression hearing. The State then introduced at trial the evidence subject to the suppression motion. The jury found Smolka guilty of the firearm possession offense, and the trial judge sentenced him to three years imprisonment at Level 5 suspended for six months at Level 4 home confinement and one year at Level 3 probation supervision.[1]

Smolka claims on appeal that the trial court erred when it found that he waived his right to suppress the evidence in question because he failed to appear at the suppression hearing. We hold that a defendant's voluntary failure to appear at

---

[1] Opening Br., Exhibit A (Sentence Order).

a suppression hearing waives his right to be present at the hearing, but does not waive the defendant's constitutional right to challenge evidence as unlawfully obtained. We therefore remand the case to Superior Court to conduct a suppression hearing.

Smolka also claims on appeal that the Superior Court erred by refusing to instruct the jury on a "lesser of evils" defense. Because jurisdiction is retained, we need not rule on Smolka's second ground for error at this time.

## II. BACKGROUND

On August 26, 2013, County officers from Operation Safe Streets were investigating a probationer, Pablo Jackson, for thefts, including theft of a firearm. The officers responded to Jackson's last known address in the Four Seasons development near Bear, Delaware. They were advised that Jackson never lived there. The officers consulted Jackson's address history and identified another address, a house at 5 Worthy Down Avenue in Bear, which Jackson used several months before.

The State called Detective Peter Stewart at trial. He testified that as he and other officers approached the door at the Bear address, Stewart smelled marijuana. The officers knocked several times before Kelly Long answered the door, quickly stepped out, and closed the door behind her. The officers questioned Long about Jackson. Long told the officers that Jackson no longer lived at the house but had

lived there previously and had been there as recently as a few days ago. The officers asked Long who was inside the house. According to Stewart, Long initially said that only she and her seven year old daughter were in the house but later admitted after Stewart asked about a pickup truck parked in front of the house, that a "Marcus" was also in the house.[2]

The facts are disputed about the officers' entry into the house. Stewart testified the officers told Long they wanted to talk to Marcus, and Long then opened the door and let the officers inside.[3] Long testified the officers asked if they could come in and she told them no. She testified that she asked the officers if they had a warrant and Stewart responded that they did not need one because he smelled marijuana.[4]

Once inside the house, Stewart found Smolka in the basement. Stewart testified that he also found a revolver in a closet in the same room.[5] Stewart questioned Smolka about the firearm. According to Stewart, Smolka said he had moved the gun to the closet and put a lock on it so that Long's daughter would not play with the gun.[6] Long and her father testified the gun belonged to Long's father who had moved out of the house and left it behind.[7] Long testified that she asked

[2] App. to Opening Br. at 44-45 (Testimony of Detective Peter Stewart).
[3] *Id.* at 45 (Testimony of Detective Peter Stewart).
[4] *Id.* at 58-59 (Testimony of Kelly Long).
[5] *Id.* at 45 (Testimony of Detective Peter Stewart).
[6] *Id.* at 46 (Testimony of Detective Peter Stewart).
[7] *Id.* at 59, 62-63 (Testimony of Kelly and William Long).

Smolka to show her how to lock the gun out of concern for her daughter's safety, but that Smolka never physically touched the gun.[8]

A New Castle County Grand Jury indicted Smolka for possession of a firearm by a person prohibited, in violation of 11 *Del. C.* § 1448, and other offenses.[9] The Superior Court set trial for January 28, 2014. Before trial, Smolka filed a motion to suppress the evidence seized following the August 26, 2013 search and the statements he made to officers at the house. He claimed that the search violated the Fourth Amendment of the United States Constitution and Article I, § 6 of the Delaware Constitution. He also asserted that his statement on the scene was given in the course of custodial interrogation in the absence of a *Miranda* warning, which violated his right against self-incrimination under the Fifth Amendment of the United States Constitution and Article I, § 7 of the Delaware Constitution.[10]

When it came to providing an address where Smolka could be contacted during the criminal proceedings by the Superior Court and his counsel, Smolka gave the 5 Worthy Down Avenue address. Both the Superior Court and his

---

[8] *Id.* at 59 (Testimony of Kelly Long).
[9] *Id.* at 8-9 (Indictment).
[10] *Id.* at 10-18 (Defendant's Motion to Suppress).

counsel sent Smolka written notice to that address of the day and time of the suppression hearing. He failed to appear at the January 17, 2014 hearing.[11]

Smolka's counsel, who was present on January 17 for the hearing, asked that the court proceed with the hearing without Smolka present.[12] The court denied this request and ruled that, by failing to appear, Smolka had waived his right to challenge the evidence at issue.[13]

The case went to trial, where Smolka stipulated that he was a person prohibited from possessing a firearm.[14] The State introduced into evidence the revolver and Smolka's August 26, 2013 statements made to the officers at the house.[15] The jury found Smolka guilty of possession of a firearm by a person prohibited and acquitted Smolka of the other charges.[16]

On appeal, Smolka argues that the Superior Court erred by ruling that his failure to appear at the suppression hearing waived his constitutional right to seek to suppress evidence seized during a search he maintains was illegal.[17] Smolka

---

[11] *Id.* at 33-34 (Suppression Hearing Tr.).

[12] *Id.* at 34 (Suppression Hearing Tr.).

[13] *Id.* at 34-35 (Suppression Hearing Tr.).

[14] *See id.* at 57 (Trial Tr.) (Deputy Attorney General Jamie McCloskey reading the stipulation of the parties into the record).

[15] *Id.* at 45-46 (Trial Tr.) (Deputy Attorney General Jamie McCloskey introducing the gun into evidence and Stewart testifying about Smolka's statements at the house regarding his handling of the gun).

[16] *Id.* at 5 (Superior Court docket entry).

[17] *See* U.S. CONST. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."); DEL. CONST. art. I,

6

points to the distinction between a waiver of the right to seek the suppression of evidence and the right to be present at the suppression hearing. According to Smolka, a failure to appear waives the latter but not the former.[18] The State contends that the court's ruling was correct because Smolka had an obligation to notify the court and counsel of any change of address and failed to do so. The State also notes the Superior Court's observation that Smolka has a history of failing to appear in court.[19]

We review "Constitutional claims *de novo* to determine if the trial court committed an error of law."[20]

## III. ANALYSIS

Subject to exceptions not applicable here, Superior Court Rule of Criminal Procedure 43 sets forth the specific stages of a criminal proceeding where the

---

§ 6 ("The people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and no warrant to search any place, or to seize any person or thing, shall issue without describing them as particularly as may be; nor then, unless there be probable cause supported by oath or affirmation."); 11 *Del. C.* § 2301 ("No person shall search any person, house, building, or conveyance, place or other thing without the consent of the owner (or occupant, if any) unless such search is authorized by and made pursuant to statute or the Constitution of the United States."); *United States v. Burch*, 432 F.Supp. 961, 964 (D.Del. 1977), *aff'd*, 577 F.2d 729 (3d Cir. 1978) ("The Fourth Amendment, absent exigent circumstances, prohibits any intrusion upon a person's privacy without prior judicial determination that the intrusion is justified."); *Scott v. State*, 672 A.2d 550, 552 (Del. 1996) ("Searches and seizures are *per se* unreasonable, in the absence of exigent circumstances, unless authorized by a warrant supported by probable cause.") (citing *Hanna v. State*, 591 A.2d 158, 162 (Del. 1991).
[18] Opening Br. at 7-9.
[19] Answering Br. at 8-9.
[20] *Taylor v. State*, 822 A.2d 1052, 1055 (Del. 2003) (internal citations and quotation marks omitted).

defendant is required to be present – the arraignment, the time of a plea, at every stage of the trial, and at the imposition of sentence.[21] Attendance by the defendant at a suppression hearing is not required by the Rule.

The Superior Court nonetheless found that Smolka received notice of the hearing, failed to appear, and therefore waived his right to suppress the evidence challenged by the motion. This was error. By absenting himself from the motion hearing, Smolka waived his right to be present at the hearing.[22] He did not, however, waive his constitutional right to challenge evidence he claims was obtained through an illegal search and seizure. A defendant's failure to appear at a hearing on a motion to suppress does not constitute a waiver of the motion.[23] The

---

[21] Del. Super. Ct. Crim. R. 43.

[22] *See People v. Daschner*, 77 P.3d 787, 791 (Colo. App. 2003) ("[A] defendant's failure to appear at a suppression hearing may result in a waiver of the right to be present at the hearing . . . ."); *Robinson v. Commonwealth*, 837 N.E.2d 241, 244 (Mass. 2005) ("[B]y his unexcused absence from the suppression hearing, the defendant may waive his right to be present at the hearing . . . ."); *State v. Canty*, 650 A.2d 391, 392 (N.J. Super., App. Div. 1994) ("An order granting or denying a motion to suppress is fully enforceable notwithstanding the defendant's failure to appear."); *People v. Logan*, 708 N.Y.S.2d 411, 413 (N.Y. App. Div. 2000) ("[The defendant's] forfeiture merely allows the court to try him in abstentia."); *State v. Desirey*, 782 P.2d 429, 429 (Or.App. 1989) ("The court could have decided the motion in the defendant's absence . . . .").

[23] *See Daschner*, 77 P.3d at 791 (agreeing with the analysis and holdings of "[c]ourts in other jurisdictions [that] have held that even where a defendant unjustifiably fails to appear at a suppression hearing, he or she does not thereby abandon the right to object to the admission of evidence unconstitutionally obtained"); *State v. Rupert*, 202 P.3d 1288, 1290 (Idaho App. 2009) ("[W]e conclude that the district court exceeded the bounds of its discretion when it, in effect, treated Ruperd's failure to appear as a waiver of his right to a hearing on his motion to suppress."); *State v. Danly*, 2010 WL 200040, at *1 (Iowa App. 2010) ("This case presents the question whether the district court may summarily deny a motion to suppress in a misdemeanor case as a sanction for the defendant's failure to appear personally at the hearing. Because we conclude that the district court may not do so, we reverse and remand."); *Robinson*, 837 N.E.2d at 244 ("[B]y his unexcused absence from the suppression hearing, the defendant may waive his

court should have instead proceeded with the hearing and decided the motion in the defendant's absence.[24]

The State cites *Jenkins v. State*[25] for the proposition that the defendant's failure to appear waives the motion itself. But *Jenkins* is distinguishable. The defendant in *Jenkins* was a fugitive and, as a result of his fugitive status, failed to appear at his suppression hearing. The Superior Court denied his motion to suppress, but did not treat the defendant's failure to appear as a waiver. Before denying the motion, the court told the defendant's attorney, "[t]he defense can make whatever application it wants to make after the fugitive has been taken back into custody and the Court has him in front of the Court."[26] Although this Court found that the defendant had waived his motion to suppress, the waiver stemmed

---

right to be present at the hearing, but his absence does not waive the motion itself."); *Canty*, 650 A.2d at 393 ("We do not consider the defendant's escape as an abandonment of his right to object to the admission of seized evidence."); *Logan*, 708 N.Y.S.2d at 413 ("Although a defendant may forfeit his right to be present, he does not as a consequence of his actions waive his right to a hearing or a trial. His forfeiture merely allows the court to try him in abstentia."); *Desirey*, 782 P.2d at 429 ("The court could have decided the motion in the defendant's absence, but it did not have the authority not to consider it.").

[24]*Logan*, 708 N.Y.S.2d at 413 ("[The defendant's] forfeiture merely allows the court to try him in abstentia."); *Desirey*, 782 P.2d at 429 ("The court could have decided the motion in the defendant's absence . . . ."). Proceeding with the hearing is consistent with the exceptions to a defendant's required presence under Superior Court Criminal Rule 43. Rule 43 provides that "the further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present" if the defendant is voluntarily absent after the trial has commenced or is removed from the courtroom by the judge for disruptive conduct. Del. Super. Ct. Crim. R. 43.

[25] *Jenkins v. State*, 2006 WL 1911096 (Del. 2011).

[26] *Id.* at *1.

9

from the defendant's failure to renew his motion in the trial court, not because of the failure to appear at the hearing.[27]

The State also cites three additional cases from other jurisdictions, each of which is distinguishable. In *State v. Beal*, the Court of Criminal Appeals of Tennessee upheld the trial court's decision to treat the defendant's failure to appear at the suppression hearing as a waiver of the defendant's motion to suppress because the appellate court found, "the trial court would have been justified in denying the motion to suppress on the merits."[28]

In *State v. Weber*, the trial court dismissed the defendant's motion to suppress after neither the defendant nor defense counsel appeared at the suppression hearing. The Court of Appeals of Ohio, reviewing the trial court's decision on an abuse of discretion standard, found that the trial court had not abused its discretion, because the hearing had been rescheduled three times previously, the defendant had failed to move orally or in writing for a continuance, and the defendant's motion would have been unsuccessful on the merits.[29]

Finally, in *Edwards v. State*, the trial court granted defense counsel's request for a "contingent dismissal"[30] of the defendant's motion to suppress to provide the defendant an opportunity to explain her absence from the suppression hearing. The

---

[27] *Id.* at *2.
[28] *State v. Beal*, 1989 WL 51574, at *2 (Tenn. Cr. App. May 16, 1989).
[29] *State v. Weber*, 1998 WL 517868, at *4 (Ohio App. Aug. 10, 1998).
[30] *Edwards v. State*, 638 S.E.2d 347, 348 (Ga. App. Oct. 18, 2006).

10

trial court later denied an out of time motion from the defendant to set aside the order dismissing the motion to suppress. The Court of Appeals of Georgia found no error in the trial court's decision to dismiss the motion because in Georgia it is prejudicial error to conduct an evidentiary suppression hearing in the defendant's absence and defense counsel had stated he did not have authority from the defendant to waive her right to be present. The Court of Appeals found no error in the decision to deny the request to set aside the dismissal because the trial court never received an explanation from the defendant for her absence from the hearing.[31]

Even if these cases were directly pertinent to our decision, we decline to follow an approach that is contrary to Superior Court Criminal Rule 43 and appears to rely on discretionary control of the court's docket without ensuring that the substantive issues raised by a defendant's motion are addressed.[32] We acknowledge, as the Superior Court observed here, that the trial court criminal docket is crowded and requires careful time management by the court.[33] Busy criminal dockets present a myriad of challenges for trial judges, particularly when

---

[31] *Id.*

[32] *See State v. Bregitzer*, 2012 WL 5995060, at *5 (Ohio App. Dec. 3, 2012) ("It has been held that a trial court did not abuse its discretion in denying a motion to suppress due to the defendant's failure to appear and was not required to reschedule his suppression hearing, given the trial court's inherent authority to protect its docket.") (citation omitted).

[33] App. to Opening Br. at 40 (email from Superior Court denying Smolka's request to vacate the court's oral ruling at the suppression hearing that Smolka waived his right to move to suppress evidence).

defendants act as the defendant and defense counsel did in *Weber*, where the hearing had been rescheduled three times previously and both defendant and counsel still failed to appear.

The approach we take today strikes the appropriate balance between the competing interests. A defendant who voluntarily fails to appear forfeits the right to be present at a suppression hearing, but the hearing goes forward without him. In this manner, the trial court maintains control of its docket by proceeding with the scheduled suppression hearing, and the defendant's constitutional right is preserved to challenge evidence the defendant claims was illegally obtained.

## IV.   CONCLUSION

The Superior Court erred when it ruled that Smolka waived his right to pursue his motion to suppress because of his voluntary failure to appear at the hearing. We remand the case to the Superior Court for a hearing on the motion. Jurisdiction is retained.