PER CURIAM
*689 Defendant was discovered with a stolen 1984 Toyota Supra and subsequently convicted of unauthorized use of a vehicle, ORS 164.135, and possession of a stolen vehicle, ORS 819.300. Defendant challenges the denial of his motion for judgment of acquittal on both counts, in which he argued that there was insufficient evidence to establish that he knew that the car was stolen. We reject those assignments of error without written discussion. Defendant also appeals the supplemental *1147 judgment, arguing that the trial court erred when it imposed a $500 restitution award on the basis that defendant did not appear at the hearing. The state concedes that the trial court lacked authority to impose restitution merely on the basis that defendant failed to appear. See ORS 137.106(5) ("If the defendant objects to the imposition, amount or distribution of the restitution, the court shall allow the defendant to be heard on such issue at the time of sentencing or at the time the court determines the amount of restitution."). At the restitution hearing, after a discussion among the parties and the trial court about the nature of the evidence supporting restitution, the court stated that, because defendant did not appear at the hearing, it was "going to default" defendant and impose the requested $500 in restitution. It is clear from the record that the court awarded restitution solely on the basis that defendant failed to appear.
We agree that that was error and accept the state's concession. We are not aware of any authority that relieves the state of meeting its burden of persuasion or the trial court of properly considering the state's evidence merely because of defendant's failure to appear at a resentencing hearing. Cf. State v. Desirey , 99 Or. App. 283, 285, 782 P.2d 429 (1989) (concluding that the trial court impermissibly struck defendant's motion to dismiss on the basis of defendant's failure to appear without considering the merits). Consequently, we reverse the supplemental judgment awarding restitution and remand for further proceedings.
Supplemental judgment reversed and remanded; otherwise affirmed.