The People of the State of New York, Respondent,
against
Pernorris Taylor, Appellant. 




Andrew E. Macaskill, for appellant.
Nassau County District Attorney, (Sarah S. Rabinowitz and Autumn S. Hughes of counsel), for respondent.

Appeal from a judgment of the District Court of Nassau County, First District (Joseph B. Girardi, J.), rendered September 27, 2017. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated (per se), and imposed sentence. The appeal brings up for review the denial (Norman St. George, J.), in effect, without a hearing, of the branch of defendant's omnibus motion seeking to suppress physical evidence and statements that he had made to law enforcement officials.




ORDERED that the denial, in effect, without a hearing, of the branch of defendant's omnibus motion seeking to suppress physical evidence and statements that he had made to law enforcement officials is vacated and the matter is remitted to the District Court for a determination, on the merits, following a hearing, of the branch of defendant's omnibus motion seeking to suppress physical evidence and statements that he had made to law enforcement officials, and for a report, and the appeal is held in abeyance in the interim.
On August 7, 2017, defendant was present in court when the court directed that a previously ordered combined Huntley/Mapp/Dunaway hearing would begin that afternoon. However, defendant [*2]failed to appear for the hearing, and a bench warrant was issued. On September 11, 2017, defendant was returned to court on the bench warrant. Over defendant's objection, the court held that defendant had waived his right to the pretrial hearing by having failed to appear. The trial began the next day, and, during the People's case-in-chief, defendant changed his plea from not guilty to guilty, which resulted in a conviction and sentence on the charge of driving while intoxicated (per se). On appeal, defendant contends that the District Court improperly ruled that he had forfeited his right to the suppression hearing that had been previously ordered and that, consequently, his guilty plea was not knowingly, voluntarily, and intelligently entered.
A defendant has a right to be present at all material stages of his trial, including pretrial hearings (see People v Parker, 57 NY2d 136, 139 [1982]; People v Whitehead, 143 AD2d 1066, 1067 [1988]). A defendant can expressly waive his right to be present or his waiver can be implied by certain conduct on his part, as long as he has been advised by the court of the consequences which can result if he fails to appear (see People v Sanchez, 65 NY2d 436, 443-444 [1985]; People v Parker, 57 NY2d at 139-140). "Even where a court has not warned a defendant that a hearing or trial will continue in his absence, he may forfeit his right to be present where he is told that a hearing is about to begin and then deliberately fails to reappear in court" (People v Whitehead, 143 AD2d at 1067).
"Although a defendant may forfeit his right to be present, he does not as a consequence of his actions waive his right to a hearing or a trial" (People v Logan, 271 AD2d 549, 550 [2000]; see People v Whitehead, 143 AD2d at 1067). "His forfeiture merely allows the court to try him in absentia" (People v Logan, 271 AD2d at 550). Therefore, the District Court erred in concluding that defendant's failure to appear in court constituted a forfeiture of his right to a hearing. A guilty plea will be upheld as valid if it was entered voluntarily, knowingly and intelligently (see People v Haffiz, 19 NY3d 883, 884 [2012]; People v Brown, 14 NY3d 113, 116 [2010]), and the impact of the court's improper cancellation of the pretrial hearing on whether defendant made a "knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d 375, 382 [2015]) cannot be known until a pretrial hearing is actually held.
Accordingly, the denial, in effect, without a hearing, of the branch of defendant's omnibus motion seeking to suppress physical evidence and statements that he had made to law enforcement officials is vacated and the matter is remitted to the District Court for a determination, on the merits, following a hearing, of the branch of defendant's omnibus motion seeking to suppress physical evidence and statements that he had made to law enforcement officials, and for a report, and the appeal is held in abeyance in the interim.
GARGUILO, J.P., ADAMS and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2020